# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 9, 2012

## STATE OF TENNESSEE v. DAVID WAYNE PHILLIPS

**Appeal from the Circuit Court for Bedford County**
**No. 17084     Robert Crigler, Judge**

_____

**No. M2011-01920-CCA-R3-CD - Filed July 13, 2012**

_____

David Wayne Phillips ("the Defendant") pleaded guilty to twenty-six counts of sexual exploitation of a minor after a computer that he gave someone was discovered to contain child pornography. Nineteen of the counts were for possessing in excess of one hundred images of a minor, all Class B felonies, and the remaining seven counts were for possessing images of a minor, all Class D felonies. The guilty plea agreement did not include an agreement with the State as to sentencing. After a sentencing hearing, the trial court ordered the Defendant to serve an effective thirty-five year sentence and ordered the sentence to run consecutively to the Defendant's prior twenty-five year sentence. The Defendant appeals, arguing that the trial court erred by: (1) failing to merge the Defendant's twenty-six convictions into a single Class B felony; and (2) imposing an excessive sentence. After a careful review of the record and applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Michael J. Collins, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, David Wayne Phillips.

Robert E. Cooper, Jr., Attorney General & Reporter; Meredith Devault, Senior Counsel; Charles Crawford, District Attorney General; Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background Facts and Procedure

The Defendant was indicted on twenty-six counts of sexual exploitation of a minor. On February 14, 2011, he pleaded guilty to the indicted counts as follows: nineteen counts of knowingly possessing in excess of one hundred images of a minor engaged in sexual or simulated sexual activity; and seven counts of knowingly possessing images of a minor engaged in sexual or simulated sexual activity. The state summarized the factual basis for the guilty plea as follows:

> [I]n April of 2009 the [D]efendant's sister brought a laptop computer to the sheriff's department. She said the [D]efendant had given it to her. At the time it didn't have a power cord that worked properly. She had obtained a new power cord for it and when she turned it on she saw that there were images of child pornography on the computer. She shut it down and brought it to the sheriff's department.
>
> . . . .
>
> It was sent to the technical services unit at the Tennessee Bureau of Investigation. They did an examination of the contents of the hard drive and determined that indeed there were a number of images of suspected child pornography. There were 1,919 still images of suspected child pornography and there were seven video files on the computer that appeared to be child pornography.

The trial court accepted the guilty plea, which did not include an agreement with the State as to sentencing. At the sentencing hearing, the State introduced a presentence report containing the Defendant's criminal record. Notably, on November 16, 2009, the Defendant was convicted of five counts of violation of the sex offender registry, two counts of aggravated sexual battery, and one count of rape of a child. He was sentenced to twenty-five years' incarceration at 100%. In addition, the Defendant previously had been convicted on March 22, 1995, of two counts of sexual battery and one count of aggravated sexual battery. He had served his nine-year sentence on these latter convictions. The Defendant also had ten misdemeanor convictions for passing worthless checks. The Defendant offered no proof.

The trial court found the Defendant to be a Range I standard offender on counts one through nineteen, all Class B felonies. Thus, the sentencing range on these convictions was between eight and twelve years. On counts twenty through twenty-six, all Class D felonies,

the trial court found the Defendant to be a Range II multiple offender, which carries a sentencing range of between four and eight years.

The trial court found no applicable mitigating factors.[1]  Regarding enhancement factors, the trial court found the Defendant to have a previous history of criminal convictions or criminal behavior in addition to that necessary to establish the appropriate range.  The trial court placed "enormous weight" on this factor.

The trial court also reviewed the applicable sentencing principles and determined that confinement was necessary.  First, the trial court found that confinement was needed to protect society by restraining a defendant with a long history of criminal conduct.  The court also found that confinement was needed to avoid depreciating the seriousness of the offense and to provide an effective deterrent to others likely to commit similar offenses.  Lastly, the court found that measures less restrictive than confinement had been frequently and recently applied unsuccessfully to the Defendant.

The trial court next considered whether consecutive sentencing was appropriate and found that the following two criteria applied: (1) the Defendant is an offender whose record of criminal activity is extensive; and (2) the Defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high.  The court specifically found that either one of these criteria standing alone would support its decision to impose consecutive sentences.

After making its findings on the record, the trial court sentenced the Defendant to incarceration as follows:

Counts 1-10: Eleven years concurrent.
Counts 11-15: Twelve years concurrent but consecutive to counts 1-10.
Counts 16-19: Twelve years concurrent but consecutive to counts 1-15.
Counts 20-26: Eight years concurrent to all other counts.

Thus, the trial court effectively sentenced the Defendant to thirty-five years on the instant offenses. The court ordered this sentence to run consecutively to the Defendant's prior existing twenty-five year sentence for a total combined sentence of sixty years.

On appeal, the Defendant raises two issues.  First, he argues that the twenty-six sexual exploitation of a minor counts should have merged into one Class B felony conviction.  Second, he argues that his sentence is excessive and contrary to law.

---

[1] The Defendant did not argue that any mitigating factors applied.

<u>Analysis</u>

*Issue One: Merger*

The Defendant argues that the trial court erred by failing to merge his twenty-six convictions into a single count of sexual exploitation of a minor. The Defendant contends that possession of more than one hundred images of a minor engaged in actual or simulated sexual activity gives rise to only a single Class B felony. Thus, according to the Defendant, his multiple convictions violate the principles of double jeopardy.[2]

The Double Jeopardy Clause of the Fifth Amendment provides that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V.[3] Similarly, the Tennessee Constitution provides that "no person shall, for the same offence, be twice put in jeopardy of life or limb." Tenn. Const. art. 1, § 10. Our supreme court has recognized the Double Jeopardy Clause to provide three fundamental protections: "(1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense." <u>State v. Watkins</u>, 362 S.W.3d 530, 541 (Tenn. 2012); <u>see also</u> <u>State v. Pickett</u>, 211 S.W.3d 696, 705 (Tenn. 2007). This case concerns the last of these three categories.

In <u>State v. Phillips</u>, 924 S.W.2d 662 (Tenn. 1996), the Tennessee Supreme Court discussed the doctrine of multiplicity:

---

[2] We are aware that there is some disagreement on this Court as to whether, and under what circumstances, a guilty plea may waive a double jeopardy claim. <u>See</u> <u>State v. Rhodes</u>, 917 S.W.2d 708, 710-11 (Tenn. Crim. App. 1995); <u>but see</u> <u>State v. Franklin</u>, 919 S.W.2d 362, 368 (Tenn. Crim. App. 1995). We discern the prevailing view to be that when the double jeopardy claim is apparent from the face of the record, the issue is not waived. <u>See, e.g.,</u> <u>State v. Ronald Woods, Jr.</u>, No. W2009-02580-CCA-R3-CD, 2010 WL 4117165, at *4-5 (Tenn. Crim. App. Oct. 20, 2010); <u>State v. Walter Jude Dec</u>, No. M2009-01141-CCA-R3-CD, 2010 WL 2977875, at *3-4 (Tenn. Crim. App. Jul. 30, 2010); <u>State v. Milton Spears, Jr.</u>, No. C.C.A. 02C01-9606-CR-00197, 1997 WL 381569, at *1 (Tenn. Crim. App. Jul. 10, 1997).

We decline to resolve the issue of waiver in this case because the State has not argued that the Defendant's double jeopardy claim has been waived and the claim is apparent from the record. Thus, we will review the double jeopardy issue on its merits.

[3] The Double Jeopardy Clause of the Fifth Amendment is applicable to the States through the Fourteenth Amendment. <u>Benton v. Maryland</u>, 395 U.S. 784, 794 (1969); <u>State v. Watkins</u>, 362 S.W.3d 530, 540 n.20 (Tenn. 2012).

Multiplicity concerns the division of conduct into discrete offenses, creating several offenses out of a single offense. Several general principles determine whether offenses are "stacked" so as to be multiplicitous:

> 1. A single offense may not be divided into separate parts; generally, a single wrongful act may not furnish the basis for more than one criminal prosecution;
>
> 2. If each offense charged requires proof of a fact not required in proving the other, the offenses are not multiplicitous; and
>
> 3. Where time and location separate and distinguish the commission of the offenses, the offenses cannot be said to have arisen out of a single wrongful act.

Id. at 665 (internal citations and footnotes omitted).

"Additional factors such as the nature of the act; the time elapsed between the alleged conduct; the intent of the accused, i.e., was a new intent formed; and cumulative punishment may be considered for guidance in determining whether the multiple convictions violate double jeopardy." Pickett, 211 S.W.3d at 706 (citing State v. Epps, 989 S.W.2d 742, 745 (Tenn. Crim. App. 1998)).

Legislative intent, however, remains the focus of a court's double jeopardy analysis when multiple punishments are imposed in a single prosecution. Watkins, 362 S.W.3d at 542 (citing Albernaz v. U.S., 450 U.S. 333, 344 (1981) ("[T]he question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed. Where Congress intended . . . to impose multiple punishments, imposition of such sentences does not violate the Constitution.")) (other citations omitted). Thus, our legislature may create multiple "units of prosecution" within the same statutory offense. State v. Lewis, 958 S.W.2d 736, 739 (Tenn. 1997). However, courts must determine "what the legislature intended to be a single unit of conduct for purposes of a single conviction and punishment." Watkins, 362 S.W.3d at 543 (citation omitted). When the legislature fails to signal its intentions "clearly and without ambiguity," we will resolve the ambiguity in favor of lenity. Id. at 543-544; Lewis, 958 S.W.2d at 739. This so-called "rule of lenity" means that a court will construe any ambiguity in the legislature's definition of a unit of conduct for prosecution "against the conclusion that the legislature intended to authorize multiple units of prosecution." Watkins, 362 S.W.3d at 543.

In this case, the Defendant was convicted of violating Tennessee Code Annotated section 39-17-1003. Under a prior version of section 39-17-1003, courts of this state have found multiple convictions arising under this criminal statute to be multiplicitous. See, e.g., Pickett, 211 S.W.3d at 705-706; State v. Wade McKinley Staggs, Sr., No. M2007-01228-CCA-R3-CD, 2009 WL 363323, at *13-15 (Tenn. Crim. App. Feb. 13, 2009); State v. Michael T. Sharp, No. E2006-00638-CCA-R3-CD, 2007 WL 4355466, at *7-8 (Tenn. Crim. App. Dec. 13, 2007).[4]

For example, in Pickett, the defendant was convicted of eleven counts of sexual exploitation of a minor based upon eleven images that were found on his computer depicting child pornography. 211 S.W.3d at 700. The Tennessee Supreme Court held that the eleven convictions were multiplicitous and that the evidence only supported one conviction. Id. at 706. The supreme court noted in this regard that the State's proof did not "attempt to distinguish the offenses by showing that the crimes were separated by time or location or by otherwise demonstrating that [the defendant] formed a new intent as to each image." Id. Importantly, under the former statute, the supreme court noted that the State failed to establish that the "legislature intended cumulative punishment." Id.

In 2005, the legislature amended section 39-17-1003. The following amended version of the statute was in effect at the time of the instant offenses:

> (a) It is unlawful for any person to knowingly possess material that includes a minor engaged in:

---

[4] The version of the statute at issue in each of these cases was enacted in 1990 and provides as follows:

> (a) It is unlawful for any person to knowingly possess material that includes a minor engaged in:
>
> (1) Sexual activity; or
>
> (2) Simulated sexual activity that is patently offensive.
>
> (b) In a prosecution under this section, the trier of fact may infer that a participant is a minor if the material through its title, text, visual representation or otherwise represents or depicts the participant as a minor.
>
> (c) A violation of this section is a Class E felony.

Tenn. Code Ann. § 39-17-1003 (2003).

(1) Sexual activity; or

(2) Simulated sexual activity that is patently offensive.

(b) A person possessing material that violates subsection (a) may be charged in a separate count for each individual image, picture, drawing, photograph, motion picture film, videocassette tape, or other pictorial representation. Where the number of materials possessed is greater than fifty (50), the person may be charged in a single count to enhance the class of offense under subsection (d).

(c) In a prosecution under this section, the trier of fact may consider the title, text, visual representation, Internet history, physical development of the person depicted, expert medical testimony, expert computer forensic testimony, and any other relevant evidence, in determining whether a person knowingly possessed the material, or in determining whether the material or image otherwise represents or depicts that a participant is a minor.

(d) A violation of this section is a Class D felony; however, if the number of individual images, materials, or combination of images and materials, that are possessed is more than fifty (50), then the offense shall be a Class C felony. If the number of individual images, materials, or combination of images and materials, exceeds one hundred (100), the offense shall be a Class B felony.

(e) In a prosecution under this section, the state is not required to prove the actual identity or age of the minor.

Tenn. Code Ann. § 39-17-1003 (2006).

Of relevance to this case, the 2005 amendment added subsection (b) to reflect that the State may charge a defendant in a separate count for each individual image or, when the number of images is greater than fifty, may combine the images into a single count for enhancement purposes. Subsection (d) was revised to reflect this tiered penalty approach. Rather than being a Class E felony, as under the old statute, an offense under the amended statute is a Class D felony. Id. § 39-17-1003(d). If indicted as a single offense, possession of between fifty-one and one hundred images is a Class C felony, and possession of over one hundred images is a Class B felony. Id.

A panel of this Court previously construed amended section 39-17-1003 in a case presenting an identical issue. See State v. Walter Jude Dec, No. M2009-01141-CCA-R3-CD,

2010 WL 2977875 (Tenn. Crim. App. July 30, 2010), perm. app. denied (Tenn. Dec. 8, 2010). In Dec, the defendant was found with approximately 2,595 images of child pornography. Id. at *1. He pleaded guilty to twenty-five counts of possessing over one hundred images, one count of possessing between fifty and one hundred images, and fifteen counts of possessing less than fifty images. Id. He was sentenced on each conviction and appealed, arguing that the trial court erred by not merging the forty-one counts into a single conviction. Id. Upon review, this Court concluded that the statute granted the State the discretion to indict for each illicit image separately or to group them into a single count. Id. at *5. As we explained in Dec:

> In overruling the defendant's merger motion, the trial court determined that the inclusion of the word "may," as used in Tennessee Code Annotated section 39-17-1003(b), in referring to filing charges pursuant to this statute, gives the State discretion as to whether each image is the basis of a separate count or whether a number would be combined into a single count. As we will explain, we concur with this determination by the trial court.
>
> In State v. Siliski, 238 S.W.3d 338 (Tenn. Crim. App. 2007), this court explained the process which appellate courts must follow in construing a statute:
>
>> A court's role in construing a statute is to ascertain and give effect to legislative intent. State v. Goodman, 90 S.W.3d 557, 563-64 (Tenn. 2002); State v. Flemming, 19 S.W.3d 195, 197 (Tenn. 2000). Whenever possible, legislative intent is to be ascertained from the natural and ordinary meaning of the language used. Flemming, 19 S.W.3d at 197; Carson Creek Vacation Resorts, Inc. v. State, Dep't of Revenue, 865 S.W.2d 1, 2 (Tenn. 1993). "The legislative intent and purpose are to be ascertained primarily from the natural and ordinary meaning of statutory language, without a forced or subtle interpretation that would limit or extend the statute's application." State v. Blackstock, 19 S.W.3d 200, 210 (Tenn. 2000) (citing State v. Pettus, 986 S.W.2d 540, 544 (Tenn. 1999)). If the language of a statute is not ambiguous, we may apply the plain language of the statute to resolve the issue. Goodman, 90 S.W.3d at 563-64; Lipscomb v. Doe, 32 S.W.3d 840, 844 (Tenn. 2000).
>
>> Under the plain language of Tennessee Code Annotated section 39-17-1003(b), the State has discretion as to whether each image results in a separate

count of an indictment or whether a number of images are grouped into a single count. Thus, the manner in which the defendant was indicted was permitted by the statute. Accordingly, we conclude that the counts of the presentment are not multiplicitous and that the defendant is not entitled to relief on the basis of this issue.

<u>Dec</u>, 2010 WL 2977875, at *5.

Upon our review of <u>Dec</u>, we conclude that section 39-17-1003 allows charges to be brought by the State in the manner utilized in this case. The Defendant's convictions are not multiplicitous. Therefore, the Defendant is not entitled to relief on this issue.

*Issue Two: Sentencing*

The Defendant next argues that he received an excessive sentence. When a defendant challenges the length, range, or manner of service of a sentence, the applicable standard of review is de novo on the record with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (2006). However, this presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court did not do so, then the presumption fails, and this Court's review is de novo with no presumption of correctness. <u>State v. Pierce</u>, 138 S.W.3d 820, 827 (Tenn. 2004). If the trial court considered the statutory criteria, imposed a lawful but not excessive sentence, stated its reasons for the sentence on the record, and its findings are supported by the record, then this Court is bound by the trial court's decision. <u>State v. Carter</u>, 254 S.W.3d 335, 346 (Tenn. 2008). On appeal, the party challenging the sentence has the burden of demonstrating that it is improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; <u>Carter</u>, 254 S.W.3d at 344.

In this case, the record demonstrates that the trial court carefully considered the sentencing principles and all relevant facts and circumstances. Therefore, in our review of the Defendant's sentence, we will apply a presumption of correctness.

In conducting appellate review of a sentence, we must consider the following: (a) any evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments of counsel regarding sentencing alternatives; (d) the nature and characteristics of the criminal conduct; (e) any enhancement or mitigating factors as provided in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement made by the defendant on his

or her own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b) (2006); see also Carter, 254 S.W.3d at 343.

The principles of sentencing reflect that a sentence of confinement should be based upon the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1) (2006); see also Carter, 254 S.W.3d at 347. Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Id. § 40-35-103(2), (4). A trial court should also consider a defendant's potential for rehabilitation or lack thereof when determining the length of sentence. Id. § 40-35-103(5).

In imposing a sentence within the appropriate range of punishment, the court shall consider, but is not bound by, the following advisory sentencing guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
>
> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c)(1)-(2) (2006). From this, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Carter, 254 S.W.3d at 343 (quoting Tenn. Code Ann. § 40-35-210(d)).

Tennessee Code Annotated section 40-35-115 provides, in pertinent part, that a trial court may impose consecutive sentences if it finds by a preponderance of the evidence that one of the following criteria are met: "(2) [t]he defendant is an offender whose record of criminal activity is extensive; [or] (4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high" Tenn. Code Ann. § 40-35-115(b)(2), (4) (2006). If the trial court finds that one or more of the statutory criteria are met, then the decision whether the defendant should be sentenced consecutively or concurrently is left to the sound discretion of the trial court. State v. James, 688 S.W.2d 463, 465 (Tenn. Crim. App. 1984).

In the instant case, the trial court sentenced the Defendant as a Range I standard offender on each of his nineteen Class B felony convictions and as a Range II multiple offender on each of his seven Class D felony convictions. On appeal, we discern no argument from the Defendant that these classifications were improper. Accordingly, the appropriate sentencing ranges were between eight and twelve years for the Class B felonies and between four and eight years for the Class D felonies. See Tenn. Code Ann. § 40-35-112(a)(2), (b)(4) (2006).

The trial court then determined whether any mitigating or enhancement factors were present. The trial court found no mitigating factors applied. As an enhancement factor, the court placed "enormous weight" on the Defendant's prior criminal record which included, *inter alia*, the rape of a child, multiple counts of aggravated sexual battery, and multiple violations of the sex offender registry laws. On appeal, the Defendant does not contest these specific findings, but instead argues that the weight given to them contravenes the purposes and principles of the Sentencing Act. However, when the trial court's findings are supported by the record, the weight given to mitigating and enhancement factors is left to the trial court's discretion and is not a basis for reversal by this Court. Carter, 254 S.W.3d at 345-46. Upon review, we conclude that the trial court's findings as to mitigating and enhancement factors are supported by the record. Thus, we decline to grant the Defendant relief on this basis.

The Defendant's principal issue is that the trial court did not order his sentences to run concurrently but instead ordered partial consecutive sentences. In determining whether to impose consecutive sentences, the trial court found two of the statutory criteria applied: (1) that the Defendant is an offender whose record of criminal activity is extensive; and (2) that the Defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high. See Tenn. Code Ann. § 40-35-115(b)(2), (4). As stated above, the existence of any one of the seven criteria in Tennessee Code Annotated section 40-35-115(b) is sufficient to justify consecutive sentencing. State v. Alder, 71 S.W.3d 299, 307 (Tenn. Crim. App. 2001).

-11-

Consequently, we need not determine whether the trial court properly determined that the Defendant is a dangerous offender. Based upon the trial court's finding that the Defendant has an extensive criminal record, a finding that is amply supported by the record, we conclude that the trial court properly imposed consecutive sentencing.

Accordingly, because the trial court considered the statutory criteria, imposed a lawful but not excessive sentence, stated its reasons for the sentence on the record, and its findings are supported by the record, we are bound by the trial court's decision. Carter, 254 S.W.3d at 346. Moreover, we agree with the trial court that the Defendant's sentence was justly deserved in relation to the seriousness of the offenses and no greater than deserved under the circumstances. Consequently, the Defendant is not entitled to relief on this issue.

## CONCLUSION

For the foregoing reasons, the judgments of the trial court are affirmed.


_____
JEFFREY S. BIVINS, JUDGE