IN THE SUPREME COURT OF TENNESSEE
Assigned on Briefs November 5, 2020

## STATE OF TENNESSEE v. TERRELL LAMONT REID

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Madison County**
**No. 15-60     Kyle C. Atkins, Judge**

_____

**No. W2019-00636-SC-R11-CD**

_____

On June 24, 2015, Terrell Lamont Reid ("the Petitioner") pleaded guilty to possession of cocaine with intent to sell and possession of a firearm by a convicted felon. Pursuant to the criminal gang enhancement statute, the firearm offense was enhanced from a Class C to a Class B felony. See Tenn. Code Ann. § 40-35-121(b) (2014). On April 7, 2016, the Court of Criminal Appeals declared the criminal gang enhancement statute unconstitutional as a violation of substantive due process. See State v. Bonds, 502 S.W.3d 118, 158-60 (Tenn. Crim. App. 2016), perm. app. denied, (Tenn. Aug. 18, 2016). The Petitioner did not file a post-conviction petition challenging his guilty plea. Instead, the Petitioner filed a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1 ("Rule 36.1"), arguing that the intermediate appellate court's decision declaring the criminal gang enhancement statute unconstitutional rendered his sentence illegal. The trial court denied his motion, concluding it did not state a claim for relief, but the Court of Criminal Appeals reversed, holding that the Bonds decision rendered the Petitioner's sentence for the firearm conviction void and, thus, illegal under Rule 36.1. In accordance with this Court's holding in Taylor v. State, 995 S.W.2d 78, 83-85 (Tenn. 1999), we hold that the Petitioner's sentence was voidable, not void and illegal. Accordingly, we reverse the Court of Criminal Appeals's decision and reinstate the trial court's order denying the Petitioner's motion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal**
**Appeals Reversed; Judgment of the Trial Court Reinstated**

CORNELIA A. CLARK, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., and SHARON G. LEE, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; Katharine K. Decker, Assistant Attorney General; Jody S. Pickens, District Attorney General; Al Earls, Assistant District Attorney, for the appellant, State of Tennessee.

Terrell Lamont Reid, Whiteville, Tennessee, Pro Se.

## OPINION

We granted this appeal to clarify whether a petitioner states a colorable claim for relief under Tennessee Rule of Criminal Procedure 36.1 when he pleads guilty and is sentenced pursuant to a statute that is presumptively constitutional at the time of his sentencing but is later declared unconstitutional. We hold that such a sentence is voidable, not void, and, therefore, is not illegal within the meaning of Rule 36.1. Thus, for the reasons stated herein, we reverse the decision of the Court of Criminal Appeals and reinstate the judgment of the trial court dismissing the motion.

## I. Factual and Procedural Background

On June 24, 2015, the Petitioner pleaded guilty to possession of cocaine with intent to sell, a Class B felony, see Tenn. Code Ann. § 39-17-417 (2014), and possession of a firearm by a convicted felon, see Tenn. Code Ann. § 39-17-1307(b)(1)(A) (2014), which was enhanced from a Class C felony to a Class B felony pursuant to the criminal gang enhancement statute.[1]  See Tenn. Code Ann. § 40-35-121(b) (2014). The trial court entered judgments on July 15, 2015 and sentenced the Petitioner as a multiple offender[2] to concurrent seventeen-year sentences for both convictions, each to be served at thirty-five percent.

---

[1] The sentencing range for a Range II, Class C felony is "not less than six (6) nor more than ten (10) years," and the sentencing range for a Range II, Class B felony is "not less than twelve (12) nor more than twenty (20) years." See Tenn. Code Ann. §§ 40-35-106, -112 (2014).

[2] "A defendant who is found by the court beyond a reasonable doubt to be a multiple offender shall receive a sentence within Range II." Tenn. Code Ann. § 40-35-106(c) (2018).

When the Petitioner was sentenced, the criminal gang enhancement statute was presumptively constitutional. See State v. Pickett, 211 S.W.3d 696, 700 (Tenn. 2007) (quoting Gallaher v. Elam, 104 S.W.3d 455, 459 (Tenn. 2003) ("In evaluating the constitutionality of a statute, we begin with the presumption that an act of the General Assembly is constitutional.")). However, on April 7, 2016, the Court of Criminal Appeals declared the criminal gang enhancement statute unconstitutional as a violation of substantive due process. See State v. Bonds, 502 S.W.3d 118, 158-60 (Tenn. Crim. App. 2016), perm app. denied, (Tenn. Aug. 18, 2016); see also State v. Minor, 546 S.W.3d 59, 64 (Tenn. 2018) (recognizing that the intermediate appellate court declared the criminal gang enhancement statute unconstitutional). There is no evidence in the record on appeal suggesting that the Petitioner filed a petition for post-conviction relief challenging his enhanced sentence. See Tenn. Code Ann. § 40-30-102(a)-(b)(1) (2018).[3]

On January 14, 2019, more than two years after the Bonds decision and almost four years after he pleaded guilty, the Petitioner filed a pro se "Motion to Correct [an] Illegal Sentence Pursuant to Tennessee Rule[] of Criminal Procedure 36.1." In his motion, the Petitioner argued that his sentence was illegal because his firearm conviction was enhanced under the unconstitutional criminal gang enhancement statute. The Petitioner further asserted that, under Harshaw v. State, No. E2015-00900-CCA-R3-PC, 2017 WL 1103048, at *12 (Tenn. Crim. App. March 24, 2017), the intermediate appellate court's decision declaring the criminal gang enhancement statute unconstitutional should be applied retroactively to his case. In response, the State asserted that the Petitioner's

---

[3] Tennessee Code Annotated section 40-30-102 provides in pertinent part:

(a)     Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred. . . . Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

(b)     No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

   (1)  The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the highest state appellate court or the United States [S]upreme [C]ourt establishing a constitutional right that was not recognized as existing at the time of trial[.]

case was "final and not pending or under review when the [Bonds] decision was rendered." See Minor, 546 S.W.3d at 68, 70 (holding that "[t]he ruling in Bonds applies to all cases pending on direct review when it was decided," subject to "existing jurisprudential principles, such as appellate review preservation requirements and the plain error doctrine"). For this reason, the State argued that the Petitioner was not entitled to relief. On February 26, 2019, the trial court denied the Petitioner's motion.

The Petitioner appealed, still proceeding pro se, and the Court of Criminal Appeals reversed the judgment of the trial court. Relying in part on Perry v. State, No. E2018-00824-CCA-R3-PC, 2019 WL 1077038, at *5-6 (Tenn. Crim. App. Mar. 7, 2019), perm. app. denied, (Tenn. June 19, 2019), which rendered a petitioner's enhanced sentence illegal because the criminal gang enhancement statute was "unconstitutional on its face," the court held that "the application of an unconstitutional law renders a sentence void, and therefore, illegal." See State v. Reid, No. W2019-00636-CCA-R3-CD, 2020 WL 868020, at *2 (Tenn. Crim. App. Feb. 19, 2020). Without discussion, the intermediate appellate court cited this Court's decision in Taylor v. State, 995 S.W.2d 78 (Tenn. 1999), for comparison, describing it in a parenthetical as a "case published prior to creation of Tennessee Criminal Procedure Rule 36.1 concluding that a sentence was voidable rather than void when it was imposed under a statute that was later found unconstitutional with the effective [sic] of reviving an earlier statute." Reid, 2020 WL 868020, at *2. Because the court concluded that the Petitioner's sentence was void and illegal, it remanded the case to the trial court "to determine whether the illegal aspect was a material component of the plea agreement." Id. at *3. We granted the State's application for permission to appeal.

## II. Standard of Review

This Court has previously defined a "colorable claim" for relief under Tennessee Rule of Criminal Procedure 36.1 as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). The determination of whether a Rule 36.1 motion states a colorable claim for relief is a question of law that is reviewed de novo. Id. at 589.

## III. Analysis

On appeal, the State argues that the Court of Criminal Appeals erred when it failed to conform to this Court's holding in Taylor—that a sentence is not rendered void merely because the statute under which the sentence was imposed is later declared unconstitutional. See Taylor, 995 S.W.2d at 85-86. In other words, the State asserts that the Petitioner's sentence is *voidable* as a result of the intermediate appellate court's holding in Bonds, and, thus, "subject to being corrected only if challenged in a timely

post-conviction petition," id. at 83, as opposed to *void* and *illegal*, thus entitling him to relief under Rule 36.1.  We agree.

Tennessee Rule of Criminal Procedure 36.1 "was adopted in order to incorporate within the Rules of Criminal Procedure the procedure for correcting illegal sentences, including those arising from plea bargains."  Tenn. R. Crim. P. 36.1, 2016 advisory comm'n cmt.  Rule 36.1 provides, in pertinent part, that "[e]ither the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered."  Tenn. R. Crim. P. 36.1(a)(1).  The Rule defines an "illegal sentence" as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute."  Tenn. R. Crim. P. 36.1(a)(2).

As this Court explained at length in State v. Wooden, 478 S.W.3d 585, 589-95 (Tenn. 2015), "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context."  Thus, in order to further clarify what it means for a sentence to be "illegal," it is appropriate for us to consider principles articulated in cases decided before and after the enactment of Rule 36.1.[4]

While "mistakes in sentencing are inevitable" only a "few sentencing errors render sentences illegal."  Id. 478 S.W.3d at 595 (citing Cantrell v. Easterling, 346 S.W.3d 445, 448-49 (Tenn. 2011)).  "Sentencing errors fall into three general categories—clerical errors, appealable errors, and fatal errors.  Only fatal errors render sentences illegal."  Id. (internal citation omitted).

Fatal errors are errors "so profound as to render the sentence illegal and void."  Id. (quoting Cantrell, 346 S.W. 3d at 452).  As described in Taylor, "[a] void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment."  995 S.W.2d at 83.  It follows that "[a] sentence imposed in direct contravention of a statute is illegal and thus void."  Williams v. State, No. W2006-00875-CCA-R3-HC, 2007 WL 2822904, at *3 (Tenn. Crim. App. Sept. 27, 2007); see also Tenn. R. Crim. P. 36.1.  Only void and illegal judgments are subject to being corrected at any time and may be challenged via a habeas corpus petition or motion to correct an illegal sentence pursuant to Rule 36.1.  See Taylor, 995 S.W.2d at 83; Wooden, 478 S.W.3d at 591-95.  Among the sentences considered void are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release

---

[4] Tennessee Rule of Criminal Procedure 36.1 became effective July 1, 2013.

eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Wooden, 478 S.W.3d at 595 (citing Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010)).

In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record . . . to establish its invalidity." Taylor, 995 S.W.2d at 83. Both void and voidable judgments can be challenged through the filing of a petition for post-conviction relief. Id. However, "unlike habeas corpus, there is a statute of limitations which governs the filing of post-conviction petitions." Id. at 83-84; see also Tenn. Code Ann. § 40-30-102(a)-(b). As noted above, there is no indication that the Petitioner in this case ever filed a petition for post-conviction relief challenging his sentence or guilty plea.

Thus, as was the case in Taylor, "it is clear that the dispositive issue . . . is whether the [Petitioner's enhanced] sentence[ is] void or voidable." Id. at 84. If the Petitioner's sentence is void and illegal, it may be corrected pursuant to a Rule 36.1 motion at any time, without regard to the one-year post-conviction statute of limitations. However, if the Petitioner's enhanced sentence is merely voidable, the only proper vehicle for challenging it is through a timely petition for post-conviction relief. See id.

In Taylor, this Court clearly held that, "[w]hile a trial court has no legal authority to impose a sentence that is contrary to governing law, a sentence *imposed in accordance with the statute in effect at the time of its imposition* is not void merely because the statute is later declared unconstitutional." Id. at 85-86 (emphasis added) (footnote omitted). Instead, "[s]uch a sentence is . . . *voidable* if timely challenged in a post-conviction proceeding." Taylor, 995 S.W.2d at 85 (emphasis added). In reaching this conclusion, we relied on "well-settled principles of law," including that "[e]very act of the General Assembly is presumptively constitutional until condemned by judicial pronouncement," id. at 85 n.7, and "accepted fundamental rules of law relating to the finality of judgments," id. (quoting Bowen v. State, 488 S.W.2d 373, 375 (Tenn. 1972)).

The citation to Taylor in the intermediate appellate court's decision suggests that its holding is limited to cases preceding the adoption of Rule 36.1 and to cases where declaring a statute unconstitutional had the effect of reviving an earlier statute. See Reid, 2020 WL 868020, at *2. We agree with the State, however, that nowhere in Taylor did this Court limit its holding in these ways. Furthermore, we take this opportunity to reaffirm the principles underpinning this Court's holding in Taylor—that a statute is presumed constitutional and that a sentence imposed in accordance with a statute in effect at the time of its imposition is voidable and not void. See, e.g., State v. Allison, No. M2017-02367-SC-R11-CD, 2021 WL 126742, at *15 (Tenn. Jan. 14, 2021) (citing Pickett, 211 S.W.3d at 700) (stating the "well-established principle that an act of the

- 6 -

General Assembly is presumed to be constitutional"); <u>State v. Grammer</u>, No. E2016-00497-CCA-R3-CD, 2017 WL 1177069, at *2 (Tenn. Crim. App. Mar. 29, 2017), <u>perm. app. denied</u>, (Tenn. June 9, 2017) ("We conclude that Appellant's sentence to community supervision for life is not an illegal sentence. For Appellant's sentence to be illegal, a court must have found that the community supervision statutes were unconstitutional before Appellant received his sentence." (citing <u>Taylor</u>, 995 S.W.2d at 84-86)); <u>State v. Taylor</u>, No. W2015-01831-CCA-R3-CD, 2016 WL 3883566, at *4 (Tenn. Crim. App. June 6, 2016), <u>perm. app. denied</u>, (Tenn. Oct. 21, 2016) ("The [d]efendant's sentence was authorized by statute at the time of the offenses, and therefore this claim is not a proper basis for relief under Rule 36.1. We also note that changes in constitutional law render a sentence voidable, not illegal and void." (citing <u>Taylor</u>, 995 S.W.2d at 84)).

Applying these principles of law to the facts in this case, we conclude that the Petitioner's enhanced sentence is voidable as opposed to void and illegal. When the judgments were entered in the Petitioner's case on July 15, 2015, the criminal gang enhancement statute was presumptively constitutional. This remained true until the statute was declared unconstitutional by the intermediate appellate court in <u>Bonds</u> nearly one year later. While the trial court would have had "no legal authority to impose a sentence that [was] contrary to governing law," the sentence imposed in this case, in accordance with the statute in effect at the time of its imposition, is not void merely because the statute was later declared unconstitutional. <u>See Taylor</u>, 995 S.W.2d at 85-86. Because the Petitioner's sentence is voidable, not void and illegal, he has not stated a colorable claim for relief under Tennessee Rule of Criminal Procedure 36.1.

## IV. Conclusion

For the reasons stated herein, we conclude that the intermediate appellate court erred when it departed from this Court's decision in <u>Taylor</u> and find that the Petitioner's sentence is voidable rather than void. Therefore, he is not entitled to relief under Tennessee Rule of Criminal Procedure 36.1. The judgment of the Court of Criminal Appeals is reversed, and the judgment of the trial court denying the Petitioner's motion to correct an illegal sentence is reinstated. Costs of this appeal are taxed to Mr. Reid, for which execution may issue if necessary.

_____
CORNELIA A. CLARK, JUSTICE