# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs October 4, 2016

## DEBBIE TRAN v. MANILA BUI, ET AL.

### Appeal from the Chancery Court for Knox County
No. 189267-2     Clarence E. Pridemore, Jr., Chancellor

_____

### No. E2016-00544-COA-R3-CV-FILED-NOVEMBER 17, 2016
_____

This case concerns a constitutional challenge to Tennessee Code Annotated Section 20-12-119(c). When the trial court grants a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6) for failure to state a claim upon which relief may be granted, Section 20-12-119(c) provides for an award of reasonable attorneys' fees to the dismissed party. In this case, the trial court granted Appellees the statutory maximum of $10,000 in attorneys' fees. Appellant challenged the constitutionality of the statute on the ground that it violated the separation of powers doctrine. The trial court rejected Appellant's challenge, ruling that Tennessee Code Annotated section 20-12-119(c) is remedial in nature and does not violate Article II, section 2 of the Tennessee Constitution. Discerning no error, we affirm.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded.

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and THOMAS R. FRIERSON, II, JJ., joined.

Daniel Kidd, Knoxville, Tennessee, for the appellant, Debbie Tran.

Wynne du M. Caffey, and John Towers Rice, Knoxville, Tennessee, for the appellee Manila Bui.

Christopher D. Heagerty, Guardian *Ad Litem*, Knoxville, Tennessee, for the appellee Allyanna Bui.

Herbert H. Slatery III, Attorney General and Reporter; Andree S. Blumstein, Solicitor General; and Timothy R. Simonds, Assistant Attorney General, for the appellee, State of

Tennessee.

## OPINION

### I.     Background

In September 2004, Appellant Debbie Tran divorced her husband Phu Viet Bui. Their marriage produced two daughters, Appellees Manila and Allyanna Bui. Pursuant to the marital dissolution agreement ("MDA"), Ms. Tran and Mr. Bui were to execute quitclaim deeds for two pieces of property such that each spouse would have sole ownership of one piece of property. However, after the divorce, the couple continued to live and work together, and the quitclaim deeds were never executed. Subsequent to the divorce, Mr. Bui acquired two additional properties. Ms. Tran and Mr. Bui also purchased a residence together. Mr. Bui and Ms. Tran lived in the residence with their two children until Mr. Bui was killed in an accident on January 17, 2010. Mr. Bui did not leave a will.

Ms. Tran was named the personal representative of Mr. Bui's estate; thereafter, she filed a motion with the divorce court and the probate court to effectuate the property transfer required by the MDA. Ms. Tran and her daughters continued to live in the residence previously purchased by Ms. Tran and Mr. Bui, and Ms. Tran managed the three rental properties for the benefit of her daughters. Unfortunately, the relationship between Ms. Tran and her eldest daughter, Manila, began to deteriorate. In January 2014, Ms. Tran moved out of the residence with her younger daughter, Allyanna, but continued to manage the rental properties.

In March 2015, Ms. Tran filed a petition for declaratory judgment, or in the alternative, for partition and for other relief in the Chancery Court of Knox County. Ms. Tran sought a declaratory judgment that she and Mr. Bui had a marriage by estoppel. In the alternative, Ms. Tran sought a sale of the residence she purchased with Mr. Bui, and asked the court to award each daughter one rental property and to sell the fourth property. Ms. Tran alleged that she should be compensated for managing the rental properties, which she had allegedly done without compensation since Mr. Bui's death. Ms. Tran further alleged that Allyanna was entitled to damages for excessive funds Manila withdrew from the rental account. In her petition, Ms. Tran asked the Court to appoint a guardian *ad litem* (GAL) for Allyanna, who was still a minor. The court appointed a GAL for Allyanna by order entered March 23, 2015. After the appointment of the GAL, both Appellees filed a motion for partial dismissal of Ms. Tran's petition for failure to state a claim pursuant to Tennessee Rule of Civil Procedure 12.02(6). Ms. Tran's petition was heard on June 24, 2015. The trial court recognized that Ms. Tran made a "legitimate and cognizable claim for partition of the real property referred to as parcel 1. . .," but dismissed the remaining claims for failure to state a claim for relief. The trial court

then ruled that Manila Bui and the GAL for Allyanna Bui were entitled to attorneys' fees under Tennessee Code Annotated section 20-12-119(c).

Ms. Tran then filed a motion to alter or amend the judgment. Ms. Tran also filed a notice of her constitutional challenge to Tennessee Code Annotated Section 20-12-119. Specifically, she challenged the constitutionality of the statute on the ground that it violated the separation of powers doctrine. By order of July 15, 2015, the trial court rejected Appellant's challenge, ruling that the statute is remedial in nature and does not violate Article II, section 2 of the Tennessee Constitution. The trial court awarded Appellees a total of $10,000 in attorneys' fees, which is the maximum amount allowed under the statute. Ms. Tran appeals.

## II.    Issues

Appellant presents the following issue for review as stated in her brief:

Does Tennessee Code Annotated section 20-12-119(c) violate the separation of powers doctrine set forth in Article II, section 2 of the Tennessee Constitution?

## III.    Standard of Review

There are no material facts in dispute. The issue presented requires a review of statutory construction and interpretation, which presents a question of law that is reviewed *de novo* without a presumption of correctness. *See **Cunningham v. Williamson Cnty. Hosp. Dist.,*** 405 S.W.3d 41, 43 (Tenn. 2013) (citing ***Mills v. Fulmarque, Inc.,*** 360 S.W.3d 362, 366 (Tenn. 2012)); ***Myers v. AMISUB (SFH), Inc.***, 382 S.W.3d 300, 308 (Tenn. 2012); ***Estate of French v. Stratford House***, 333 S.W.3d 546, 554 (Tenn. 2011). Likewise, "[i]nterpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness." ***Pratcher v. Methodist Healthcare Memphis Hosps.***, 407 S.W.3d 727, 734 (Tenn. 2013) (quoting ***Thomas v. Oldfield***, 279 S.W.3d 259, 261 (Tenn. 2009)).

Our Supreme Court has summarized the principles involved in reviewing statutory construction as follows:

Our consideration of a question of statutory construction is without any deference to the trial court. *See **In re Estate of Tanner,*** 295 S.W.3d 610, 613 (Tenn. 2009). When addressing the interpretation of a statute, well-defined precepts apply. ***Colonial Pipeline***, 263 S.W.3d at 836. "Our primary objective ... is to carry out the intent of the legislature without unduly broadening or restricting the statute." ***Nichols***, 318 S.W.3d at 359-60. When a statute is clear, we apply the plain meaning without complicating the task, and simply enforce the written language. ***Abels ex***

*rel. Hunt v. Genie Indus., Inc.,* 202 S.W.3d 99, 101-02 (Tenn. 2006) (quoting *Calaway ex rel. Calaway v. Schucker,* 193 S.W.3d 509, 516 (Tenn. 2005)). When a statute is ambiguous, however, we may refer to the broader statutory scheme, the history of the legislation, or other sources to discern its meaning. *Colonial Pipeline,* 263 S.W.3d at 836. Further, courts must presume that our General Assembly was aware of its prior enactments and knew the state of the law at the time the legislation was passed. *Owens v. State,* 908 S.W.2d 923, 926 (Tenn. 1995).

*Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 400 (Tenn. 2013).

"Issues of constitutional interpretation are questions of law, which we review *de novo* without any presumption of correctness given to the legal conclusions of the courts below." *Waters v. Farr*, 291 S.W. 3d 873,882 (Tenn. 2009) (citation omitted). We will uphold the constitutionality of a statute wherever possible, *State v. Pickett*, 211 S.W.3d 696,700 (Tenn. 2007)(citations omitted), and when evaluating the constitutionality of a statute, "'we begin with the presumption that an act of the General Assembly is constitutional.'" *Id*. (quoting *Gallaher v. Elam*, 104 S.W.3d 455, 459 (Tenn. 2003)). "The presumption of constitutionality applies with even greater force when a party brings a facial challenge to the validity of a statute." *Waters*, 291 S.W.3d at 882 (citation omitted).

## IV. Analysis

Appellant objects to Tennessee Code Annotated section 20-12-119(c), which states in pertinent part:

> (c)(1) Notwithstanding subsection (a) or (b), in a civil proceeding, where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties. The awarded costs and fees shall be paid by the party or parties whose claim or claims were dismissed as a result of the granted motion to dismiss.

Tenn. Code Ann. § 20-12-119. Specifically, Appellant argues that the statute infringes on the power of the judicial branch because it "dictates when the court can address an award for fees based on a motion to dismiss for failure to state a claim." Appellant also contends that the statute conflicts with several provisions of the Tennessee Rules of Civil Procedure, including Tennessee Rules of Civil Procedure 41.01, 15.01, 15.04, 11.03, and

12.04.  Lastly, Appellant argues that the statute is inherently unfair in that it provides a different standard for pro se parties.

As it relates to the separation of powers argument, the Tennessee Constitution includes two explicit provisions establishing the separation of powers among the three branches of government.  Article II, section 1 provides that "[t]he powers of the Government shall be divided into three distinct departments: the Legislative, Executive, and Judicial." Tenn. Const. art. II, § 1.  Article II, section 2 specifies that "[n]o person or persons belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, except in the cases herein directed or permitted." *Id*. Art. II, § 2; *see **Mansell,*** 417 S.W.3d at 402.  Article II, section 2 of the Tennessee Constitution "prohibits one branch from encroaching on the powers or functions of the other two branches."  ***Colonial Pipeline Co. v. Morgan***, 263 S.W.3d 827, 843 (Tenn. 2008).  Because the divisions between the branches of state government are not always clear, the separation of powers doctrine is not absolute.  ***Id.*** at 843 n. 8.  There exists "by necessity, a certain amount of overlap because the three branches of government are interdependent."  ***State of Tennessee v. Mallard***, 40 S.W.3d 473, 481 (Tenn. 2001).

In applying the separation of powers doctrine in cases involving a facial attack on an existing statute, we must first determine whether the statute being challenged is predominantly substantive, remedial, or procedural in nature.  Substantive laws create, define, and regulate legal rights, ***Solomon v. FloWarr Management, Inc.***, 777 S.W.2d 701, 705 (Tenn. Ct. App. 1989)(citing ***Spencer Kellogg & Sons, Inc. v. Lobban***, 204 Tenn. 79, 89, 315 S.W.2d 514, 518 (1958)), and remedial laws are defined as "providing means or method whereby causes of action may be effectuated, wrongs redressed and relief obtained...."  ***Tenn. Dep't of Human Services v. Defriece***, 937 S.W. 2d 954, 958 (Tenn. Ct. App. 1996).  The Tennessee Supreme Court defines a remedial law as "a law that gives a party a new or different remedy when the existing remedy, if any, is inadequate." ***In re D.A.H.***, 142 S.W.3d 267, 273 (Tenn. 2004).  Procedural laws, on the other hand, establish the mode or proceedings by which legal rights are enforced.  ***State v. Hanners***, 235 S.W. 3d 609, 612 (Tenn. Ct. Crim. App. 2007).  Statutes enacted by the General Assembly that are substantive or remedial in nature normally do not infringe on state judicial power.  *See **Mallard***, 40 S.W. 3d at 481 (recognizing that the General Assembly's constitutional authority to enact substantive laws does not violate the separation of powers doctrine); *see also **Caudill***, 21 S.W. 3d at 210-211 (holding that Tennessee Code Annotated Section 36-6-108 is remedial in nature and therefore does not violate the separation of powers doctrine); ***In re C.M. v. Phillips***, No E2001-00211-COA-R3-CV, 2001 WL 920209 (Tenn. Ct. App. Aug. 15, 2001) (holding that the attorneys' fee-award provision in Tennessee Code Annotated Section 36-3-617(a)(1) is remedial in nature and, therefore, does not violate the separation of powers doctrine).

This Court has previously addressed a separation of powers challenge to a similar attorney's fee-award statute in ***In re C.M. v. Phillips***, No E2001-00211-COA-R3-CV

- 5 -

2001 WL 920209 (Tenn. Ct. App. Aug. 15, 2001). The statute at issue in **Phillips** was Tennessee Code Annotated Section 36-3-617(a)(1), which provides that if any domestic-abuse victim obtains, or receives an extension of, an order of protection, "all court costs, filing fees, litigation taxes and attorney fees shall be assessed against the respondent." The Appellant in the **Phillips** case argued that "this mandate unconstitutionally restricts the powers and operation of the courts." **C.M. v. Phillips**, No. E2001-00211-COA-R3CV, 2001 WL 920209, at \*2 (Tenn. Ct. App. Aug. 15, 2001). This Court upheld the statute, concluding:

> It is a function of the legislative branch to provide remedies to persons seeking judicial relief. *See Caudill v. Foley,* 21 S.W.3d 203, [210] (Tenn. Ct. App. 1999). Our reading of the Statute does not reveal that it infringes upon the powers of the Courts guaranteed under the Constitution. Under this statute, the Court's discretion is not impaired, not its fact finding process, and the statute merely authorizes attorney's fees to be awarded to the petitioner under certain circumstances. We find no basis to hold this statute unconstitutional.

**C.M. v. Phillips**, 2001 WL 920209, at \*2.

Here, the statute at issue applies only when a court grants a motion to dismiss for the failure to state a claim under Tennessee Rule of Civil Procedure 12.02(6), **Arledge v Arledge**, No M2014-01344-COA-R3-CV, 2015 WL 3429918, \*2 (Tenn. Ct. App. May 28, 2015), and the award of costs and fees is subject to a number of exclusions and conditions. *See* Tenn. Code Ann. § 20-12-119(c)(5)(A)-(F). As in **Phillips**, the statute at issue in this appeal does not impede the fact finding process of the trial court or undermine its discretion. By the time Tennessee Code Annotated Section 20-12-119(c) comes into play, the trial court has already determined based on the facts that a case should be dismissed based on the failure to state a claim. Accordingly, Tennessee Code Annotated Section 20-12-119(c) is remedial. "It is within the province of the General Assembly, not the judiciary, to establish and control the remedies that are available to persons seeking judicial relief." **Caudill**, 21 S.W.3d at 210. Based on this analysis, we conclude that Tennessee Code Annotated Section 20-12-119(c) is remedial and does not violate the separation of powers doctrine as established by Article II, section 2 of the Tennessee Constitution.

In making her separation of powers argument, Appellant further contends that Tennessee Code Annotated Section 20-12-119(c) conflicts with several provisions of the Tennessee Rules of Civil Procedure, specifically Tennessee Rules of Civil Procedure 41.01, 15.01, 15.04, 11.03, and 12.04. We are cognizant that "statutes 'in pari materia'—— those relating to the same subject or having a common purpose -- are to be construed together, and the construction of one such statute, if doubtful, may be aided by considering the words and legislative intent indicated by the language of another statute."

*Graham v. Caples*, 325 S.W.3d 578, 582 (Tenn. 2010) (quoting *Wilson v. Johnson Cnty.*, 879 S.W.2d 807, 809 (Tenn. 1994)). Courts must adopt the most "reasonable construction which avoids statutory conflict and provides for harmonious operation of the laws." *Carver v. Citizen Utils. Co.*, 954 S.W.2d 34, 35 (Tenn. 1997). Here, we are analyzing the Rules of Civil Procedure, not statutes. However, the Tennessee Supreme Court has previously opined that "[e]ven though the rules of civil procedure are not statutes, the same rules of statutory construction apply." *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013)(quoting *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011)).

Tennessee Rule of Civil Procedure 41.01 concerns taking a voluntary nonsuit. Tennessee Code Annotated Section 20-12-119(c), however, addresses Tennessee Rule of Civil Procedure 12.02 motions to dismiss, and requires a party, against whom a Rule 12.02(6) motion to dismiss has been lodged, to file and serve written notice of the Rule 41 dismissal "at least three days before the date set for the hearing of the motion to dismiss or by the deadline for the filing of a response to the motion to dismiss, whichever is earlier." Tenn. Code Ann. §20-12-119(c)(5)(C). Although Appellant argues that this statute impairs a party's ability to voluntarily dismiss a case, we do not agree. Tennessee Code Annotated Section 20-12-119(c)(5)(C) simply requires a reasonable three day notice be given to the trial court and other parties in advance of a scheduled hearing. This requirement does not impair a party's ability to take a voluntary nonsuit at any time prior to three days before a scheduled hearing. This requirement does not impair the court's discretion to determine questions of fact or law. See *Mallard*, 40 S.W.3d 473,483 (outlining the inherent judicial powers as the power "to hear facts, to decide the issues of fact made by the pleadings, and to decide the questions of law involved."). Furthermore, this statute does not restrict the discretionary authority of the court to continue or reschedule a hearing or extend a deadline upon a showing of just cause.

Our analysis regarding Tennessee Rules of Civil Procedure 15.01, 15.04,[1] 11.03,[2] and 12.04[3] follows the same basic parameters previously discussed. Tennessee Code Annotated Section 20-12-119(c) is a narrow statute dealing only with an award of attorneys' fees following the grant of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Tennessee Rule of Civil Procedure 12.02(6). The statute does not interfere with a party's ability to seek leave to amend its pleadings under

---

[1] Rule 15 provides that leave to amend pleadings "shall be given freely when justice so requires." Tenn. R. Civ. P. 15.

[2] Rule 11.03 allows courts to "impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision 11.02 or are responsible for the violation." Tenn. R. Civ. P. 11.

[3] Rule 12.04 states that a motion to dismiss "shall be heard and determined before trial unless the court orders that the hearing and determination thereof be deferred until the trial." Tenn. R. Civ. P. 12.04.

Rule 15, or Rule 11's provisions regarding nonmonetary sanctions. There is nothing inherent in the statute that infringes on the court's discretion to manage its docket; therefore, we do not conclude that it conflicts with Rule 12.04. The statutory requirements of Tennessee Code Annotated Section 20-12-119(c) do not impede the authority of a court to change its schedule in order to give a party additional time to amend its pleading when justice so requires, nor does this statute impair the court's discretion to determine questions of fact or law. Consequently, we conclude that there is no conflict between Tennessee Code Annotated Section 20-12-119(c) and the Tennessee Rules of Civil Procedure 15.01, 15.04, 11.03, and 12.04.

Appellant's final argument is that Tennessee Code Annotated Section 20-12-119(c) is inherently unfair in that it provides a different standard for *pro se* parties. In cases involving pro se litigants, fees are not awarded against a *pro se* party unless the court finds that "the *pro se* party acted unreasonably in bringing, or refusing to voluntarily withdraw, the dismissed claim." Tenn. Code Ann. §20-12-119(c)(5)(D). The case law regarding *pro se* litigants is well settled. While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, ***Hodges v. Tenn. Att'y Gen.,*** 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." ***Whitaker v. Whirlpool Corp.,*** 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Instead, "*pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. University,*** No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). However, courts should take into account that many *pro se* litigants have no legal training and little familiarity with the judicial system. ***Garrard v. Tenn. Dep't of Corr.,*** No. M2013-01525-COA-R3-CV, 2014 WL 1887298, at *3 (Tenn. Ct. App. May 8, 2014)(internal citations omitted). Therefore, the courts give *pro se* litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. ***Whitaker v. Whirlpool Corp.,*** 32 S.W.3d at 227; ***Paehler v. Union Planters Nat'l Bank, Inc.,*** 971 S.W.2d at 397. Accordingly, we measure the papers prepared by *pro se* litigants using standards that are less stringent than those applied to papers prepared by lawyers. ***Hessmer v. Hessmer***, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003)(citing ***Hughes v. Rowe,*** 449 U.S. 5, 9-10, 101 S. Ct. 173, 176, 66 L.Ed.2d 163 (1980); ***Baxter v. Rose,*** 523 S.W.2d 930, 939 (Tenn.1975); ***Winchester v. Little,*** 996 S.W.2d 818, 824 (Tenn.Ct.App.1998)). In drafting the statute, the General Assembly has expressly granted courts the discretion to determine whether the *pro se* party acted unreasonably in bringing, or refusing to voluntarily withdraw, the dismissed claim. This discretion does not lessen the burden that *pro se* litigants must carry, as they are still held to the same procedural and substantive standards to which lawyers must adhere. Accordingly, we conclude that Tennessee Code Annotated Section 20-12-119(c) does not create a different standard for pro se litigants and does not violate the separation of powers doctrine.

## V.    Conclusion

For the foregoing reasons, we affirm the trial court's order.  The case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion.  Costs of the appeal are assessed against the Appellant, Debbie Tran, and her surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE