Charles MONTAGUE

v.

**TENNESSEE DEPARTMENT OF CORRECTION, et al.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Assigned on Briefs May 8, 2002.

Jan. 14, 2003.

Permission to Appeal Denied by Supreme Court June 16, 2003.

Charles Montague, Mountain City, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Dawn Jordan, Assistant Attorney General, for the appellee, State of Tennessee.

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

## OPINION

The appellant, Charles Montague, filed suit in the Circuit Court of Davidson County seeking a declaration that his inmate trust account was exempt from seizure to satisfy court costs under Tenn. Code Ann. § 26–2–101, et seq., and that the funds previously taken from the account should be restored. The court granted summary judgment to the state. We affirm.

## I.

Mr. Montague is a prisoner in the custody of the Tennessee Department of Correction. He filed this action to recover money that had been deducted from his inmate trust account to pay the costs in two prior actions he had filed and lost, resulting in the assessment of costs against him. His action is based on the claim that he is entitled to a personal property exemption of $4,000 under Tenn. Code Ann. § 26–2–101, et. seq.

The State moved to dismiss or in the alternative for summary judgment. The court granted the State summary judgment based on the following undisputed facts:

The Petitioner is an inmate incarcerated by the Tennessee Department of Correction. While incarcerated, Petitioner filed two suits in the Chancery Court of Davidson County (95–569–III and 96–3872–III). These cases were dismissed and costs were assessed to Petitioner. The Petitioner appealed case number 96–3872–III to the Tennessee Court of Appeal (# 01A01–9711–CH–0067). The Court of Appeals dismissed the appeal as frivolous and ordered that costs and attorney's fees be assessed against Petitioner. The Petitioner also appealed case number 95–569–III. Likewise, the Court of Appeals dismissed the appeal and assessed court costs against Petitioner (# 01A01–9602–CH–0065). Writs of Execution in both matters have been issued by the Court of Appeals. The Petitioner then filed the present petition wherein he seeks a $4000.00 exemption from seizure of his inmate trust account pursuant to T.C.A. § 26–2–102, *et seq.*

As a threshold matter, the Court finds that Petitioner has failed to properly comply with the statutory procedures

for exercising such an exemption pursuant to T.C.A. § 26–2–114(b).

## II.

■ The exemption provided for debtors in Tenn.Code Ann. § 26–2–103 must be claimed prior to the date the execution issues against the judgment debtor or it shall be deemed waived. Tenn.Code Ann. § 26–2–114(b). The complaint in this case alleges that the execution in both of the prior cases had already issued and the record conclusively shows that no claim for exemption had been filed. Therefore, as to the sums previously removed from Mr. Montague's account the exemption statute has no application. The trial court was correct in dismissing the action on that basis.

■ We are also of the opinion that the exemption statute, Tenn.Code Ann. § 26–2–103, only applies to *defendants* against whom a judgment is rendered. It does not apply in cases where the judgment is against a plaintiff for costs incurred in a former action. *See* Tenn.Code Ann. § 26–2–114(c); Attorney General Opinion 99–003.

■ The trial court also dismissed the complaint on the authority of Tenn.Code Ann. § 41–21–812(a) which provides that the clerk of the court shall not accept for filing a claim by an inmate on an affidavit of inability to pay costs when that person owes unpaid costs incurred in a prior action. We concur in that action as well.

The judgment of the court below is affirmed, and the cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant, Charles Montague.