FILED

07/07/2021

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2021

## MICHAEL HALLIBURTON v. TENNESSEE BOARD OF PAROLE

**Appeal from the Chancery Court for Davidson County**
**No. 20-844-IV      Russell T. Perkins, Chancellor**

_____

### No. M2020-01657-COA-R3-CV

_____

After being denied parole and exhausting all administrative remedies, an inmate filed a petition for writ of certiorari in the Chancery Court of Davidson County. The chancery court dismissed the petition pursuant to Tenn. Code Ann. § 41-21-812 because the inmate had unpaid court costs from previous litigation. Finding no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON, II, J., joined.

Michael Halliburton, Hartsville, Tennessee, pro se.

Herbert H. Slatery, III, Attorney General and Reporter, and Pamela S. Lorch, Senior Assistant Attorney General, for the appellee, Tennessee Board of Parole.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

A Shelby County jury convicted Michael Halliburton of attempted first-degree premeditated murder, one count of domestic assault, and two counts of aggravated assault, for the brutal beating of his wife with a metal knife sharpener after she told him she wanted a divorce. *State v. Halliburton*, No. W2015-02157-CCA-R3-CD, 2016 WL 7102747, at *1 (Tenn. Crim. App. Dec. 6, 2016). The trial court approved the jury's verdict and sentenced Mr. Halliburton to twenty-one years' imprisonment. *Id.* His convictions and sentence were upheld on direct appeal. *Id.* Thereafter, Mr. Halliburton unsuccessfully sought post-conviction relief. *Halliburton v. State*, No. W2019-01458-CCA-R3-PC, 2020 WL 4727434, at *1 (Tenn. Crim. App. Aug. 13, 2020).

Mr. Halliburton first became eligible for parole on March 13, 2018, but the Tennessee Board of Parole ("the Board") denied parole after a hearing. In 2020, he became eligible for parole a second time. The Board again denied parole after a hearing on March 10, 2020. Mr. Halliburton appealed the second denial to the Board but was denied relief. Having exhausted his administrative remedies, Mr. Halliburton filed a petition for common law writ of certiorari in the Chancery Court for Davidson County on August 21, 2020, asserting that the Board violated his procedural due process rights in several ways. With his petition, he filed a motion and supporting affidavit requesting permission to proceed *in forma pauperis*. Additionally, he filed an affidavit pursuant to the requirements of Tenn. Code Ann. § 41-21-805, setting forth all of the previous lawsuits he had filed.

On October 22, 2020, the Board filed a motion to dismiss pursuant to Tenn. Code Ann. § 41-21-812, asserting that Mr. Halliburton's petition should be dismissed because he had "outstanding costs from prior litigation." Relying on a declaration from the deputy clerk for the Tennessee Supreme Court, the Board asserted that Mr. Halliburton owed $163.75 from a prior case against the Board of Professional Responsibility and $163.75 from a prior case against the Board of Judicial Conduct. The chancery court granted the motion to dismiss after concluding that Tenn. Code Ann. § 41-21-812 prohibited Mr. Halliburton from filing the petition because he had a total of $327.50 in unpaid court costs. Mr. Halliburton timely appealed.

ANALYSIS

As a preliminary matter, we note that Mr. Halliburton is a pro se litigant. This Court has stated the following principles about pro se litigants:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (citations omitted); *see also Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Additionally, we allow pro se litigants some latitude in preparing their briefs and endeavor to "give effect to the substance, rather than the form or terminology," of their court filings. *Young*, 130 S.W.3d at 63.

I.  <u>Unpaid court costs</u>.

    Mr. Halliburton contends that the chancery court erred in dismissing his petition pursuant to Tenn. Code Ann. § 41-21-812 because the outstanding court costs were paid in full prior to the court entering the order of dismissal. Tennessee Code Annotated section 41-21-812 provides as follows:

> (a) Except as provided by subsection (b), on notice of assessment of any fees, taxes, costs and expenses under this part, a clerk of a court may not accept for filing another claim by the same inmate until prior fees, taxes, costs and other expenses are paid in full.
> (b) A court may allow an inmate who has not paid any costs or expenses assessed against the inmate to file a claim for injunctive relief seeking to enjoin an act or failure to act that creates a substantial threat of irreparable injury or serious physical harm to the inmate.

As it is used in the statute, the term "claim" "means any lawsuit or appeal filed by an inmate except a petition for post-conviction relief." Tenn. Code Ann. § 41-21-801(1). Therefore, if an inmate owes court costs from previous cases, Tenn. Code Ann. § 41-21-812(a) provides that a court clerk may not accept for filing any more lawsuits or appeals by the inmate except those for post-conviction relief. *Sweatt v. Tenn. Dep't of Corr.*, 99 S.W.3d 112, 115 (Tenn. Ct. App. 2002).

    In the present case, Mr. Halliburton asserts that the chancery court should not have dismissed his petition because he paid all outstanding court costs on November 2, 2020, which was prior to the court entering the order of dismissal.[1] He does not dispute, however, that he owed $327.50 in court costs from two previous cases when he submitted his petition on August 21, 2020. Thus, Tenn. Code Ann. § 41-21-812(a) barred the trial court clerk from filing Mr. Halliburton's petition. Because it was erroneously filed by the court clerk, we conclude that the chancery court did not err in dismissing the petition. *See Gray v. Tenn. Dep't of Corr.*, No. E2012-00425-COA-R3-CV, 2013 WL 5677004, at *6 (Tenn. Ct. App. Oct. 17, 2013) ("The trial court did not err in finding Mr. Gray's petition barred by Tennessee Code Annotated § 41-21-812(a) and in dismissing his petition on that basis."); *Dotson v. Contemporary Media, Inc.*, No. W2011-01234-COA-R3-CV, 2012 WL 1868255, at *7 (Tenn. Ct. App. May 23, 2012) ("If a clerk erroneously accepts, for filing, a claim, to which Tennessee Code Annotated Section 41-21-812 applies, then the trial court

---

[1] The record contains only Mr. Halliburton's own assertion in a notarized answer to the Board's motion to dismiss that a friend of his "mailed a check to the clerk on October 29, 2020, for the full amount owed." He did not file, however, an affidavit of the friend who supposedly mailed the check, proof of the cancelled check, or a statement from the court clerk to show that the outstanding costs had been paid. Thus, the chancery court concluded that "the record before this Court contains no proof that the outstanding court costs have been paid[, as t]here is no Declaration or Affidavit confirming this assertion nor is there any evidence that the Tennessee Supreme Court costs are paid in full at this time."

is authorized to dismiss the case under the statute."); *Montague v. Tenn. Dep't of Corr.*, 109 S.W.3d 735, 737 (Tenn. Ct. App. 2003) (affirming trial court's dismissal of inmate's complaint "on the authority of Tenn. Code Ann. § 41-21-812(a) which provides that the clerk of the court shall not accept for filing a claim by an inmate on an affidavit of inability to pay costs when that person owes unpaid costs incurred in a prior action"). This argument is without merit.

II. Due Process.

Mr. Halliburton next asserts an "as-applied" constitutional challenge to Tenn. Code Ann. § 41-21-812. Specifically, he asserts that, in applying Tenn. Code Ann. § 41-21-812 and dismissing his case due to outstanding court costs, the trial court violated his right of access to the courts under the due process clause in the Fourteenth Amendment to the United States Constitution and the due process clause in article I, section 8 of the Tennessee Constitution.[2] "In contrast to a facial challenge, which involves the constitutionality of the statute as written, '[a]n 'as applied' challenge to the constitutionality of a statute is evaluated considering how it operates in practice against the particular litigant and under the facts of the instant case, not hypothetical facts in other situations.'" *State v. Crank*, 468 S.W.3d 15, 24 n.5 (Tenn. 2015) (quoting *City of Memphis v. Hargett*, 414 S.W.3d 88, 107 (Tenn. 2013)). Thus, to prevail, Mr. Halliburton must show that Tenn. Code Ann. § 41-21-812 operates unconstitutionally when applied to the particular facts of his case. *See Waters v. Farr*, 291 S.W.3d 873, 923 (Tenn. 2009) (Koch, J. concurring in part and dissenting in part).

The determination of a statute's constitutionality presents a question of law that we review de novo with no presumption of correctness afforded to the trial court's legal conclusions. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 836 (Tenn. 2008). We must "uphold[] the constitutionality of statutes where possible." *State v. Pickett*, 211 S.W.3d 696, 700 (Tenn. 2007). Therefore, "'we begin with the presumption that an act of the General Assembly is constitutional" and "'indulge every presumption and resolve every doubt in favor of the statute's constitutionality.'" *Id.* (quoting *Gallaher v. Elam*, 104 S.W.3d 455, 459 (Tenn. 2003)). We review the trial court's findings of fact de novo with a presumption of correctness, unless the evidence preponderates otherwise. *Hood v. Jenkins*, 432 S.W.3d 814, 822 (Tenn. 2013).

In *Hughes v. Tennessee Board of Probation and Parole*, 514 S.W.3d 707 (Tenn. 2017), the Tennessee Supreme Court addressed the same "as-applied" constitutional

---

[2] In his appellate brief, Mr. Halliburton also asserts a facial constitutional challenge to Tenn. Code Ann. § 41-21-812, but he failed to raise this issue in the chancery court. Generally, we consider constitutional issues raised for the first time on appeal to be waived. *Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn. 2009) (Koch, J. concurring in part and dissenting in part). We, therefore, decline to address this issue.

challenge to Tenn. Code Ann. § 41-21-812 that Mr. Halliburton asserts here.[3]  As in this case, the Board denied Mr. Hughes parole.  *Id.* at 710.  After exhausting all available administrative appeal procedures, Mr. Hughes appealed the denial to the Davidson County Chancery Court via a petition for common law writ of certiorari.  *Id.* at 711.  The chancery court dismissed the petition pursuant to Tenn. Code Ann. § 41-21-812 because Mr. Hughes had $258.85 in unpaid court costs.  *Id.*  Mr. Hughes appealed the dismissal, and the Court of Appeals also dismissed the case pursuant to Tenn. Code Ann. § 41-21-812.  *Id.*

Mr. Hughes appealed to the Tennessee Supreme Court, arguing that the lower courts' application of Tenn. Code Ann. § 41-21-812 to dismiss his case violated his right of access to the courts under the due process clauses of the federal and state constitutions.  *Id.* at 711-12.  The *Hughes* Court noted that Mr. Hughes had a hearing before the Board "that was not contingent upon his ability to pay any filing fees and also had the ability to appeal the board's decision within their internal system."  *Id.* at 723.  Thus, the Court held that there had been no due process violation because the statute did not "deprive [Mr. Hughes] of administrative remedies" and did not "permanently bar [him] access to the courts." *Id.* at 723-24.

Here, like Mr. Hughes, Mr. Halliburton had a hearing before the Board that was not contingent on his ability to pay any filing fees, he had the ability to appeal the Board's decision within its internal system, and he took advantage of that appellate process.  Applying the holding in *Hughes*, we conclude that Mr. Halliburton was not denied due process.

III.  Open courts clause.

Mr. Halliburton next asserts that, in dismissing his case pursuant to Tenn. Code Ann. § 41-21-812, the chancery court violated his right of access to the courts under the open courts clauses in art. I, sec. 17 of the Tennessee Constitution.  Mr. Halliburton failed, however, to raise this issue in the trial court.  A tenet of appellate practice is that, if a party fails to raise an issue in the trial court, he or she waives the right to raise that issue on appeal.  *In re M.L.P.*, 281 S.W.3d 387, 394 (Tenn. 2009); *Dye v. Witco Corp.*, 216 S.W.3d 317, 321 (Tenn. 2007).  Contrary to Mr. Halliburton's assertion that this rule does not apply to constitutional issues, our Supreme Court has expressly stated that, if a party fails to challenge the constitutionality of a statute in the trial court, he or she waives that issue on appeal "unless the statute involved is so obviously unconstitutional on its face as to obviate

---

[3] While section 41-21-812 was found to be unconstitutional as applied to the parolee whose parole was revoked in the case of *Clifton v. Carpenter*, 775 F.3d 760, 762 (6th Cir. 2014), the Tennessee Supreme Court found Clifton to not be controlling in a case strikingly similar to the one at bar, due to the "different interests" that were at stake.  *Hughes*, 514 S.W.3d at 713.  The Court noted that "'[t]here is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires.'"  *Id.* (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 9 (1979)).

the necessity for any discussion."[4] *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983); *see also Waters*, 291 S.W.3d at 918. Because Tenn. Code Ann. § 41-21-812 does not contain a patently obvious facial constitutional defect, we decline to consider this issue for the first time on appeal. *See Meeks v. Tenn. Bd. of Prob. & Parole*, No. M2007-00584-COA-R3-CV, 2008 WL 802458, at *3 (Tenn. Ct. App. Mar. 24, 2008) ("We do not find [Tenn. Code Ann. § 41-21-812] to be facially unconstitutional.").

In light of the foregoing, we conclude that the trial court did not err in dismissing Mr. Halliburton's petition pursuant to Tenn. Code Ann. § 41-21-812 because he had $327.50 in unpaid court costs.[5]

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Michael Halliburton, for which execution may issue if necessary.

_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE

---

[4] Mr. Halliburton's reliance on *State v. Turner*, No. E2016-00654-CCA-R3-CD, 2017 WL 1830106, at *13 (Tenn. Crim. App. May 5, 2017), is misplaced. Although our Supreme Court has held that constitutional challenges to statutes may be raised at any time "in cases involving the deprivation of life or liberty," this case does not involve a deprivation of life or liberty. *Veach v. State*, 491 S.W.2d 81, 83 (Tenn. 1973). Mr. Halliburton was convicted and sentenced to prison. A convicted person has "'no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence.'" *Hughes*, 514 S.W.3d at 713 (quoting *Greenholtz*, 442 U.S. at 9). Rather, "parole is a matter of legislative grace." *Id.* at 720. "'There is a crucial distinction between being deprived of a liberty one has, as in [being out on] parole, and being denied a conditional liberty that one desires.'" *Id.* (quoting *Greenholtz*, 442 U.S. at 9). Mr. Halliburton was deprived of liberty when he was convicted and sentenced to prison. The Court of Criminal Appeals affirmed both the conviction and the sentence. At best, Mr. Halliburton's interest in parole could best be described as a liberty he dearly hoped to receive. Thus, the Board's denial of parole did not deprive him of liberty. The holding in *Turner* is inapplicable to the facts of this case.

[5] The remaining issues Mr. Halliburton raises in his appellate brief concern his challenges to the Board's procedures, which were the basis of his petition for writ of certiorari that was dismissed by the trial court. Because we affirmed the chancery court's dismissal of the petition, we decline to address these remaining issues.