IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 20, 2016

**STATE OF TENNESSEE v. SCOTT W. GRAMMER**

**Appeal from the Criminal Court for Hamilton County**
**No. 247368   Don W. Poole, Judge**

_____

**No. E2016-00497-CCA-R3-CD – Filed March 29, 2017**

_____

Appellant, Scott Grammer, filed a *pro se* motion to correct an illegal sentence in the Hamilton County Criminal Court pursuant to Tennessee Rule of Criminal Procedure 36.1. The trial court denied the motion, and Appellant appeals the ruling. After a thorough review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Scott W. Grammer, Whiteville, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; and M. Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual background*

On May 23, 2005, Appellant was convicted by a jury of three counts of aggravated sexual battery of his stepdaughter. *State v. Scott W. Grammer*, No. E2005-02604-CCA-R3-CD, 2007 WL 595908, at *1 (Tenn. Crim. App., Feb. 26, 2007), *perm. app. denied* (Tenn., June 18, 2007). The trial court sentenced Appellant to 11 years on each count, with two counts to run consecutively, for an effective sentence of 22 years. *Id*. The trial court also placed Appellant on community supervision for life and ordered him to register as a sex offender. This court affirmed Appellant's conviction and sentence on appeal. *Id*.

1

On February 2, 2016, Appellant filed a *pro se* Tennessee Rule of Criminal Procedure 36.1 motion to correct his allegedly illegal sentence, which the trial court summarily dismissed. The trial court found that Appellant did not state a colorable claim because Appellant did not allege that the community supervision sentence was not authorized or directly contravened a statute at the time he received his sentence. The trial court also concluded that the community supervision statutes were not an unconstitutional delegation of legislative authority.

*Analysis*

Appellant contends that his sentence is illegal because the community supervision statutes, Tennessee Code Annotated sections 39-13-524 and -526, violate Article II, section 3 of the Tennessee Constitution. Appellant argues that the statutes are an unconstitutional delegation of legislative power and are *void ab initio*, or void upon their enactment. The State responds that Appellant has not presented a colorable claim under Rule 36.1 because no court declared the community supervision statutes to be unconstitutional before Appellant was sentenced.

Tennessee Rule of Criminal Procedure 36.1 provides, in part, that a defendant may "seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). Rule 36.1 defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." *Id*. Pursuant to Rule 36.1, a defendant would be entitled to a hearing and the appointment of counsel if he or she stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). The Tennessee Supreme Court has stated that a colorable claim pursuant to Rule 36.1 is a "claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

We will uphold the constitutionality of a statute whenever possible, *State v. Pickett*, 211 S.W.3d 696, 700 (Tenn. 2007) (citations omitted), and when evaluating the constitutionality of a statute, "'we begin with the presumption that an act of the General Assembly is constitutional.'" *Id*. (quoting *Gallaher v. Elam*, 104 S.W.3d 455, 459 (Tenn. 2003)). The constitutionality of the statute in question has previously been addressed by a panel of this court. *State v. Randall Grainger*, No. M2012-02545-CCA-R3-CD, 2014 WL 2803526 (Tenn. Crim. App., June 18, 2014), *perm. app. denied* (Tenn., Nov. 20, 2014). In that case, the panel held that Tennessee Code Annotated section 39-13-524(d)(1) does not violate Article II, section 3 of the Tennessee Constitution because the individualized conditions imposed by the Department of Correction under the statute

must be "necessary to protect the public from the [defendant's] committing a new sex offense, as well as promoting the rehabilitation of the person." *Id*. at *4-5 (quoting T.C.A. § 36-13-524(d)(1)). "The test for determining whether a legislature's delegation of power to an administrative agency is unconstitutional is 'whether the statute contains sufficient standards or guidelines to enable both the agency and the courts to determine if the agency is carrying out the legislature's intent.'" *Gallaher*, 104 S.W.3d at 464 (quoting *Bean v. McWherter*, 953 S.W.2d 197 (Tenn. 1997)).

## CONCLUSION

We conclude that Appellant's sentence to community supervision for life is not an illegal sentence. For Appellant's sentence to be illegal, a court must have found that the community supervision statutes were unconstitutional before Appellant received his sentence. *Taylor v. State*, 995 S.W.2d 78, 84-86 (Tenn. 1999). Appellant is not entitled to relief. Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE