# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 4, 2021 Session

## TENNESSEANS FOR SENSIBLE ELECTION LAWS v. HERBERT H. SLATERY, III ET AL.

**Appeal from the Chancery Court for Davidson County**
No. 20-0312-III     Ellen Hobbs Lyle, Chancellor

———————————————————

### No. M2020-01292-COA-R3-CV

———————————————————

This is an action for declaratory judgment and injunctive relief that challenges the constitutionality of Tenn. Code Ann. § 2-19-142, which criminalizes the publication of false statements opposing a political candidate. The complaint was filed by a political campaign committee that engages in direct advocacy for and against political candidates. The defendants, the Tennessee Attorney General and the District Attorney General for the 20th Judicial District of Tennessee, contended the action should be dismissed, *inter alia*, for lack of subject matter jurisdiction because the campaign committee lacked standing to challenge the constitutionality of the statute. The trial court found that the committee had standing because it faced a credible threat of prosecution and, acting upon the campaign committee's motion for summary judgment, the trial court held that Tenn. Code Ann. § 2-19-142 contravenes the First Amendment to the United States Constitution and article I, section 19 of the Tennessee Constitution. The court also awarded the campaign committee its attorney's fees pursuant to 42 U.S.C. § 1988(c) as the prevailing party. We have determined the campaign committee failed to establish that it had standing to challenge the constitutionality of Tenn. Code Ann. § 2-19-142; therefore, we hold that the trial court lacked subject-matter jurisdiction to rule on the matter. For these reasons, we vacate the judgment of the trial court, including the award of attorney's fees to the campaign committee, and remand with instructions to dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Alexander S. Rieger and Kelley Louvenia Groover, Nashville, Tennessee, for the appellants, Herbert H. Slatery, III, in his official capacity as Tennessee Attorney General, and Glenn Richard Funk, in his official capacity as District Attorney General for the 20th Judicial District of Tennessee.

Daniel Alexander Horwitz and Gautam Singh Hans, Nashville, Tennessee, for the appellee, Tennesseans for Sensible Election Laws.

## OPINION

### FACTS AND PROCEDURAL BACKGROUND

Tennesseans for Sensible Election Laws ("Plaintiff") commenced this action in March 2020 by filing a complaint in the Davidson County Chancery Court against Herbert H. Slatery III, in his official capacity as Tennessee Attorney General, and Glenn R. Funk, in his official capacity as District Attorney General for the 20th Judicial District of Tennessee (collectively, "Defendants"). In the complaint, Plaintiff described itself as "a multicandidate political campaign committee" whose "mission is to ensure that Tennessee's election laws protect the rights of all Tennesseans to participate in democracy and support candidates of their choosing without unreasonable governmental interference." To further this mission, Plaintiff wanted to publish and distribute "literally false campaign literature in opposition to candidates campaigning for state office—including satirical, parodical, and hyperbolic campaign literature—despite knowing that certain charges and allegations contained in its campaign literature [were] false."[1]

Thus, Plaintiff sought a declaratory judgment on the constitutionality of Tenn. Code Ann. § 2-19-142, which provides:

It is a Class C misdemeanor for any person to publish or distribute or cause to be published or distributed any campaign literature in opposition to any candidate in any election if such person knows that any such statement, charge, allegation, or other matter contained therein with respect to such candidate is false.[2]

Defendants responded to the complaint by filing a motion to dismiss for lack of subject matter jurisdiction. Defendants initially asserted that the chancery court lacked jurisdiction because Tenn. Code Ann. § 2-19-142 is a criminal statute, and Tennessee's Declaratory Judgment Act applies only if the court "originally could have entertained a suit of the same subject matter." *See Memphis Bonding Co., Inc. v. Crim. Ct. of Tennessee 30th Dist.*, 490 S.W.3d 458, 466 (Tenn. Ct. App. 2015) (quoting *Zirkle v. City of Kingston*, 396 S.W.2d 356, 363 (Tenn. 1965)). Defendants also asserted that the chancery court lacked

---

[1] As an example, Plaintiff's included a postcard that it wanted to publish in opposition to the reelection of Tennessee State Representative Bruce Griffey. On one side, the postcard states in bold letters that "Bruce Griffey is literally Hitler." On the other side, Plaintiff compared Rep. Griffey's proposed legislation to "the kind of thing you would see in Nazi Germany."

[2] Ironically, the statute does not criminalize a favorable but knowingly false statement a candidate makes about himself/herself.

jurisdiction to enjoin enforcement of the criminal statute unless the statute invaded a property right or the Tennessee Supreme Court had adjudged the law unconstitutional. After a hearing, the trial court summarily dismissed the claim for injunctive relief[3] but denied the motion to dismiss Plaintiff's claim for a declaratory judgment.

Defendants then answered the complaint, maintaining their assertion that the court lacked subject matter jurisdiction for various reasons, including the fact that Plaintiff lacked standing. Thereafter, Plaintiff moved for summary judgment on its declaratory judgment claim.

In response, Defendants filed the Declaration of Roger D. Moore, Deputy District Attorney General for the 20th Judicial District, who stated that General Funk has never prosecuted or threatened to prosecute Tenn. Code Ann. § 2-19-142, and that General Funk had "no present intent . . . to prosecute [Plaintiff], or any other person or organization, under Tenn. Code Ann. § 2-19-142 for engaging in political satire." Thus, Defendants argued that summary judgment was inappropriate because, *inter alia*, Plaintiff had "not established a credible threat or history of prosecution and therefore ha[d] failed to meet the requirements for standing."

After a hearing on Plaintiff's Motion for Summary Judgment, the trial court found Plaintiff had standing to challenge the statute, reasoning that the statute presented "a credible threat to the Plaintiff's exercise of the speech in issue" because the undisputed facts showed "a history of past enforcement . . . against others." The court also agreed that Tenn. Code Ann. § 2-19-142 contravenes the First Amendment to the United States Constitution and article I, section 19 of the Tennessee Constitution. The court then granted Plaintiff an award of attorneys' fees and costs under 42 U.S.C. § 1988(c).

This appeal followed.

### ISSUES

Defendants raise four issues on appeal, and Plaintiff raises three.[4] We, however, have determined that the dispositive issue is whether Plaintiff has standing to challenge the

---

[3] The trial court dismissed the claim for injunctive relief without prejudice, stating that Plaintiff could refile its claim if the statute was declared unconstitutional.

[4] Defendants' issues were stated as follows:

1. Whether the chancery court erred in ruling that it had jurisdiction to rule on the constitutionality of a criminal statute, Tenn. Code Ann. § 2-19-142.
2. Whether the chancery court erred in ruling that Plaintiff had standing to challenge the constitutionality of Tenn. Code Ann. § 2-19-142.
3. In the alternative, whether the chancery court erred in declaring that Tenn. Code Ann. § 2-19-142 is unconstitutional.
4. Whether the chancery court erred in awarding attorney's fees to Plaintiff.

- 3 -

constitutionality of Tenn. Code Ann. § 2-19-142, which criminalizes the publication of false statements opposing a political candidate.

## STANDARD OF REVIEW

Whether a party has standing is a question of law. *See In re Est. of Brock*, 536 S.W.3d 409, 413 (Tenn. 2017). We review questions of law de novo with no presumption of correctness. *Id*.

## ANALYSIS

"Constitutional standing . . . is one of the 'irreducible . . . minimum' requirements that a party must meet in order to present a justiciable controversy." *City of Memphis v. Hargett*, 414 S.W.3d 88, 98 (Tenn. 2013). Nonjusticiable claims are subject to dismissal. *See West v. Schofield*, 468 S.W.3d 482, 494–95 (Tenn. 2015) (concluding that claims should have been dismissed because they were nonjusticiable).

Three elements are necessary to establish constitutional standing:

1) a distinct and palpable injury; that is, an injury that is not conjectural, hypothetical, or predicated upon an interest that a litigant shares in common with the general public; 2) a causal connection between the alleged injury and the challenged conduct; and 3) the injury must be capable of being redressed by a favorable decision of the court.

*Fisher v. Hargett*, 604 S.W.3d 381, 396 (Tenn. 2020). In pre-enforcement challenges to the constitutionality of a statute—such as this case—a plaintiff may satisfy the injury element by (1) alleging "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the] statute" and (2) showing the existence of "a credible threat of prosecution thereunder." *Babbitt v. United Farm Workers Nat.*

---

Plaintiff's issues were stated as follows:

1.  Whether Plaintiff had standing to maintain this action based on § 2-19-142's injury to third parties.
2.  Whether the trial court had subject matter jurisdiction to adjudicate this action under the Tennessee Constitution.
3.  Whether Plaintiff should recover its attorney's fees regarding this appeal.

Additionally, Plaintiff has filed three motions to consider post-judgment facts under Tenn. R. App. P. 14(b).

*Union*, 442 U.S. 289, 298 (1979).[5] Furthermore, the Sixth Circuit has considered the following factors to determine whether a "credible threat of prosecution" exists:

> (1) "a history of past enforcement against the plaintiffs or others"; (2) "enforcement warning letters sent to the plaintiffs regarding their specific conduct"; (3) "an attribute of the challenged statute that makes enforcement easier or more likely, such as a provision allowing any member of the public to initiate an enforcement action"; and (4) the "defendant's refusal to disavow enforcement of the challenged statute against a particular plaintiff."

*Online Merchants Guild v. Cameron*, 995 F.3d 540, 550 (6th Cir. 2021) (quoting *McKay v. Federspiel*, 823 F.3d 862, 869 (6th Cir. 2016)).

On appeal, Defendants contend the action should have been dismissed because Plaintiff lacks standing to challenge the constitutionality of Tenn. Code Ann. § 2-19-142. Specifically, Defendants contend Plaintiff does not have standing because it failed to show "a distinct and palpable injury." Defendants also contend the trial court erred in holding that Plaintiff faced "a credible threat of prosecution" and that Tenn. Code Ann. § 2-19-142 had been "enforced" against others.[6]

Plaintiff counters, arguing that the trial court correctly found that it had standing under the pre-enforcement challenge standard. Plaintiff also contends the issue of standing is res judicata because Defendants failed "to contest the trial court's ruling regarding the Plaintiff's statutory standing." We will address the res judicata contention first.

## I. RES JUDICATA AS TO STATUTORY STANDING

Contrary to Plaintiff's insistence, the trial court did not hold that Plaintiff had "statutory standing." In its analysis, the court incorporated by reference a portion of Plaintiff's summary judgment reply brief to facilitate its analysis. That portion included part of Plaintiff's argument on "statutory standing." Nevertheless, Plaintiff insists that the trial court "adopt[ed] and incorporate[ed]" Plaintiff's arguments on statutory standing. We disagree.

---

[5] "Tennessee courts use justiciability doctrines that 'mirror the justiciability doctrines employed by the United States Supreme Court and the federal courts . . . .'" *West*, 468 S.W.3d at 490 (quoting *Norma Faye Pyles Lynch Fam. Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 203 (Tenn. 2009)).

[6] The trial court found no evidence of "enforcement warning letters sent to the plaintiffs regarding their specific conduct" or "an attribute of the challenged statute that makes enforcement easier or more likely, such as a provision allowing any member of the public to initiate an enforcement action." *See Online Merchants Guild*, 995 F.3d at 550 (quoting *McKay*, 823 F.3d at 869). Plaintiff has not appealed these findings.

The context of the court's ruling clarifies that it was merely adopting and incorporating Plaintiff's recitation of the facts relevant to the "credible threat of prosecution"—not Plaintiff's statutory-standing argument:

> [T]he Court finds that . . . there are undisputed material facts proven in the record which the Court concludes establish a history of past enforcement, not against the Plaintiff, but others.
>
> In so finding, the Court adopts and incorporates herein by reference the July 15, 2020 *Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Summary Judgment* at 5–20, 24–29 . . . **The incidents the Plaintiff characterizes as "enforcement" in its papers just cited, the Court concludes, do constitute a credible threat to the Plaintiffs exercise of the speech in issue**. . . .

(Emphasis added). Significantly, however, the trial court did not hold that Plaintiff had "statutory standing."

Because the trial court did not hold that Plaintiff had statutory standing, Defendants' failure to address this issue on appeal is not dispositive.[7]

## II. STANDING BASED ON A HISTORY OF ENFORCEMENT

As stated above, the injury requirement for standing may be satisfied by a showing of a history of enforcement against others. *See Online Merchants Guild*, 995 F.3d at 550. The trial court found that Tenn. Code Ann. § 2-19-142 had been enforced based on these examples:

1. In 2014, the Shelby County Circuit Court issued a temporary restraining order in a civil case based on allegations that included but were not limited to an alleged violation of Tenn. Code Ann. § 2-19-142. *See Cohen for Cong. Comm. v. Williams et al.*, No. 003348-14 (Shelby Cnty. Cir. Ct. 2014).

2. In 2010, a plaintiff asserted claims for libel based on Tenn. Code Ann. § 2-19-142. *See Murray v. Hollins, et al. (Murray I)*, No. 10C63063

---

[7] It is important to note that statutory standing does not replace constitutional standing. "Constitutional standing is a fundamental requirement of a justiciable controversy." *Fisher*, 604 S.W.3d at 396. "Statutory standing" is a type of "non-constitutional" or "prudential" standing, *Town of Collierville v. Town of Collierville Bd. of Zoning Appeals*, No. W2013-02752-COA-R3-CV, 2015 WL 1606712, at *4 (Tenn. Ct. App. Apr. 7, 2015) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014)), and concerns "[t]he question of whether a particular plaintiff has a cause of action under a statute," *id*. (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 92, 97 (1998)). "[S]tatutory standing has . . . been associated with the distinct and palpable injury element of constitutional standing." *Id*. (citing *State v. Harrison*, 270 S.W.3d 21, 28 (Tenn. 2008)).

(Davidson Cnty. Cir. Ct. 2010); *Murray v. Vibbert (Murray II)*, No. 10C3711 (Davidson Cnty. Cir. Ct. 2010).

3.  In 2002, Shelby County District Attorney General William L. Gibbons sent a letter to an employee of the Shelby County Criminal Court Clerk's Office that advised the employee to cease publishing and distributing certain campaign materials because their content appeared to violate Tenn. Code Ann. § 2-19-142. *See Jackson v. Shelby Cnty. Civ. Serv. Merit Bd.*, No. W2006-01778-COA-R3-CV, 2007 WL 60518, at *1 (Tenn. Ct. App. Jan. 10, 2007). The employee was later terminated for engaging in "misconduct" by violating Tenn. Code Ann. § 2-19-142. *Id*. at *3.

4.  In 2009, the Tennessee Attorney General opined that "a prosecution against a newspaper or other news medium under Tenn. Code Ann. § 2-19-142 would not raise any constitutional objections." Tenn. Op. Att'y Gen. No. 09-112 (June 10, 2009).

5.  In 2017 and 2019, legislation was introduced, but not passed, to amend Tenn. Code Ann. § 2-19-142 to raise the criminal penalty for violating the statute.

The trial court determined these facts "establish a history of past enforcement, not against the Plaintiff, but others"; thus, the court found that Plaintiff satisfied "its burden to demonstrate . . . a credible threat to the Plaintiff's exercise of the speech in issue." We respectfully disagree.

The cases relied upon as evidence of "past enforcement" are civil cases, and Plaintiff does not argue that the criminal statute provides a private right of action. Moreover, Tennessee courts "have refused to imply a private right of action in . . . statutes enforced through governmental remedies." *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 860 (Tenn. 2010). Significantly, the enforcement mechanism outlined in § 2-19-142 is limited to criminal sanctions. The civil cases identified above fail to establish a history of past enforcement of the criminal sanctions set forth in § 2-19-142.

At most, the cases cited by Plaintiff represent wrongful attempts to use Tenn. Code Ann. § 2-19-142 to establish civil liability—but the threat of "false prosecution" is not "a credible threat of prosecution" for the purposes of establishing standing. *See Plunderbund Media, L.L.C v. DeWine*, 753 F. App'x 362, 371 (6th Cir. 2018) (rejecting the plaintiffs' argument that they faced a credible fear of prosecution simply because the challenged statute created a "risk of false prosecution"); *Glenn v. Holder*, 690 F.3d 417, 422 (6th Cir. 2012) (finding plaintiffs' "fear [of] wrongful prosecution and conviction" was "inadequate to generate a case or controversy the federal courts can hear.").

We also find the Attorney General's 2009 opinion is immaterial to whether Plaintiff faces a credible threat of prosecution. The Attorney General must provide "written legal opinions on all matters submitted by them in the discharge of their official duties." Tenn. Code Ann. § 8-6-109(b)(9). Thus, in response to questions from two state legislators about applying § 2-19-142 to news media organizations, the Attorney General opined in June 2009 that Tenn. Code Ann. § 2-19-142 complies with the "actual malice" standard for defamation set in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964). Tenn. Op. Att'y Gen. No. 09-112 (June 10, 2009). Accordingly, the Attorney General's 2009 opinion is not evidence of a history of past enforcement.

Furthermore, we conclude that the proposed amendments to § 2-19-142 in 2017 and 2019 are not evidence of a history of past enforcement and do not otherwise establish a credible threat of prosecution. That a state legislator unsuccessfully proposed an increase to the criminal penalty for violating § 2-19-142 does not make it more or less likely that Plaintiff would be prosecuted under the law.

For completeness, we acknowledge that Plaintiff filed two motions to consider post-judgment facts pursuant to Tenn. R. App. P. 14(a) that pertain to the threat of enforcement, each of which we took under advisement.[8] One cites two tweets from Governor Bill Lee in which he states that district attorneys should "not pick and choose what laws to follow based on politics or personal feelings."[9] In this motion, Plaintiff asserts the tweets undermine the declaration of Deputy District Attorney Moore, who stated that General Funk had "no present intent . . . to prosecute [Plaintiff], or any other person or organization, under Tenn. Code Ann. § 2-19-142 for engaging in political satire." Because our decision does not rest on Deputy District Attorney General Moore's declaration, we find it unnecessary to consider the effect of Governor Lee's tweets.

---

[8] In an appeal, we "may consider those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to Rule 14." Tenn. R. App. P. 13(c). Tennessee Rule of Appellate Procedure 14(a) states:

> **Power to Consider Post-Judgment Facts.** The Supreme Court, Court of Appeals, and Court of Criminal Appeals on its motion or on motion of a party may consider facts concerning the action that occurred after judgment. Consideration of such facts lies in the discretion of the appellate court. While neither controlling nor fully measuring the court's discretion, consideration generally will extend only to those facts, capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters. Nothing in this rule shall be construed as a substitute for or limitation on relief from the judgment available under the Tennessee Rules of Civil Procedure or the Post-Conviction Procedure Act.

[9] The tweet was purportedly issued in response to a statement by District Attorney General Glenn Funk stating that he would not enforce an abortion law.

The other motion to consider post-judgment facts relevant to the threat of enforcement cites the Wilson County Election Commission's 2022 Candidate Handbook. The Handbook, which was attached to the motion, provides information for prospective candidates concerning the election process, voter registration requirements, and campaign finance laws. Under a section titled "Prohibited Practices," the Handbook reprints several statutes, including Tenn. Code Ann. § 2-19-142.[10] The Handbook, which simply identifies § 2-19-142 as one of many laws enacted in Tennessee that governs election-related conduct, fails to constitute a credible threat of prosecution.

Having considered the proffered post-judgment facts identified in the two Rule 14(a) motions, we find the facts to be inconsequential.[11]

In summary, to establish standing the plaintiff must show "an injury that is not conjectural, hypothetical, or predicated upon an interest that [the] litigant shares in common with the general public." *Fisher*, 604 S.W.3d at 396. The plaintiff may satisfy the injury requirement by alleging "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the] statute" and showing the existence of "a credible threat of prosecution thereunder." *Babbitt*, 442 U.S. at 298. A credible threat of prosecution may be established by showing a history of enforcement against others. *Online Merchants Guild*, 995 F.3d at 550. "The mere *possibility* of prosecution, however—no matter how strong the plaintiff's intent to engage in forbidden conduct may be—does not amount to a 'credible threat' of prosecution. Instead, the threat of prosecution 'must be *certainly impending* to constitute injury in fact.'" *Crawford v.*

---

[10] Title 2, Chapter 19 of the Tennessee Code is also titled "Prohibited Practices" and addresses topics such as "Interference with Marked Ballots," *see* Tenn. Code Ann. § 2-19-111, and "Violence and Intimidation," *see id*. § 115.

[11] Plaintiff filed a third motion to consider post-judgment facts which concerned whether the trial court had subject matter jurisdiction to rule on the constitutionality of Tenn. Code Ann. § 2-19-142. In this motion Plaintiff contended:

> The []Attorney General's February 3, 2021, concession in Davidson County Chancery Court Case No. 20-967-III that the [Plaintiff's] claims in this case "fall within the Colonial Pipeline exception" because this case presents a "declaratory judgment action[] challenging the constitutionality of statutes against state officers," *see* Exhibit #1, p. 4, is a fact capable of ready demonstration. *See* Tenn. R. App. P. 14(a). It also affects the positions of the parties and the subject matter of this action. As the []Attorney General's principal brief in this case reflects, the []Attorney General is arguing in this appeal that the trial court "lacked jurisdiction to issue a declaration regarding [Tenn. Code Ann. § 2-19-142's] constitutionality."

Because we have determined that Plaintiff lacks standing to challenge the constitutionality of Tenn. Code Ann. § 2-19-142, the motion is rendered moot.

*United States Dep't of Treasury*, 868 F.3d 438, 454 (6th Cir. 2017) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). Here, Plaintiff failed to produce evidence that it faced a credible threat of prosecution under Tenn. Code Ann. § 2-19-142.

### III. STANDING UNDER FACIAL OVERBREADTH CLAIM

In the alternative, Plaintiff asserts that the trial court should have found standing under the more "relaxed" standard for facial overbreadth claims. Our ability to assess the issue is hampered by Plaintiff's failure to develop its argument on appeal. The reasoning in Plaintiff's brief is conclusory and relies mainly on long parenthetical quotes from federal caselaw. As a result, Plaintiff's brief lacks the necessary explanation of how the cited legal principles apply to the facts in this case. *See Sneed v. Bd. of Prof'l. Responsibility of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").

In any event, after reviewing the jurisprudence on facial overbreadth challenges, we are unconvinced that Plaintiff's case can be saved by the "relaxed" standing requirements applicable to such challenges. The overbreadth doctrine has been described as "an exception to normal standing principles" because it "permits a litigant 'to challenge the [facial] constitutionality of a statute which is not unconstitutional as applied but which may be unconstitutional in some cases.'" *City of Knoxville v. Entm't. Res., LLC*, 166 S.W.3d 650, 662 (Tenn. 2005) (Drowota, C.J., concurring) (quoting 16 Am. Jur. 2d Constitutional Law § 140). Thus, it permits courts to "strik[e] down a statute on its face at the request of one whose own conduct may be punished despite the First Amendment." *State v. Pickett*, 211 S.W.3d 696, 702 (Tenn. 2007) (quoting *New York v. Ferber*, 458 U.S. 747, 769 (1982)).

As the Sixth Circuit has explained, "when a statute is alleged to be overly broad in violation of the First Amendment, the standing rules are relaxed to allow plaintiffs 'to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression.'" *Holder*, 690 F.3d at 421 (quoting *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 348 (6th Cir. 2007)). That said, "[u]nder no circumstances . . . does the overbreadth doctrine relieve a plaintiff of its burden to show constitutional standing." *Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 799 (8th Cir. 2006). There must still be a showing "that the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action," *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1270 (11th Cir. 2006) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)), and we have already determined that Plaintiff did not satisfy its burden to establish "some threatened or actual injury," *see id*. Thus, the "relaxed" rules for facial overbreadth challenges do not apply.

## IV. ATTORNEY FEES

After granting Plaintiff's motion for summary judgment and finding that it was the prevailing party, the trial court awarded Plaintiff its attorney's fees and costs under 42 U.S.C. § 1988(b). Because we have reversed the trial court's decision on the merits, Plaintiff is no longer a prevailing party. Thus, we vacate the award of attorney fees. For the same reason, we decline to award Plaintiff attorneys' fees on appeal.

## IN CONCLUSION

Because Plaintiff failed to establish that it had standing to bring the claims at issue, it has failed to present a justiciable controversy. Therefore, we vacate the judgment of the trial court, including the award of attorney's fees to Plaintiff, and remand with instructions to dismiss. Costs of appeal are assessed against Tennesseans For Sensible Election Laws.

_____
FRANK G. CLEMENT JR., P.J., M.S.